**UNITED STATES of America, Plaintiff,**

v.

**Michael J. ABBRUZZESE and Frank Grzanka, Defendants.**

**Civ. A. No. 81–70879.**

United States District Court, E.D. Michigan, S.D.

May 13, 1982.

Francis L. Zebot, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Hugh Fisher, Gail S. Soderling, Fisher, Gerhardt, Crampton & Groh, Birmingham, Mich., for defendants.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PATRICIA J. BOYLE, District Judge.

Plaintiff filed its motion for summary judgment in December, 1981, and Defendants filed a response brief, to which Plaintiff replied by brief filed February 16, 1982. A hearing was held before the Court, and at that hearing, the Court ruled in favor of the Plaintiff on portions of the motion and took the remaining issue under advisement, pending the receipt of a supplemental memorandum from Defendants. Defendants have since filed that brief, together with a supplemental affidavit, and Plaintiff has filed a brief in response. After consideration of all the briefs and affidavits filed in connection with the motion, the Court has concluded that the Plaintiff's motion for summary judgment is properly granted.

The issue remaining after the hearing in February is whether the alleged neglect on the part of the Government to perfect, under state law, its security interest in property given as collateral for a Small Business Administration (hereinafter SBA) loan for which Defendant has executed a personal guaranty, constitutes willful waste of collateral under the terms of the guaranty so

as to discharge the obligation of the guarantors (Defendants herein) and release them from further liability on the unpaid amount of the SBA loan. The dispute here is not whether the guaranty is a conditional one, for Plaintiff has acknowledged that the guaranty itself contains a release in the event that the holder of the guaranty willfully wastes or diminishes the value of the collateral.

Two provisions of the guaranty at issue are pertinent here. The guaranty states that:

> The obligations of the Undersigned hereunder, and the rights of Lender in the collateral, shall not be released, discharged, or in any way affected ... by reason of the fact that a valid lien in any of the collateral may not be conveyed to, or created in favor of, Lender; nor by reason of any deterioration, waste, or loss by fire, theft or otherwise of any of the collateral, unless such deterioration, waste, or loss be caused by the willful act or willful failure to act of Lender.

Defendants argue that the SBA knew that the collateral in which it had a security interest had been transferred from Michigan to Pennsylvania and that the agency did not take the proper steps to perfect its lien in the Pennsylvania courts by filing a UCC financing statement there. They argue that this constitutes a willful causing of "deterioration or loss" of collateral, thereby discharging the guarantors from their obligations under the guaranty.

Plaintiff argues that the "deterioration or loss" clause refers to physical damage to the collateral and that the caselaw in this circuit approves the rule that a failure to perfect a lien does not discharge an obligation under an unconditional guaranty.

There is conflicting authority concerning whether the "deterioration" clause refers only to physical damage or to any diminution in value caused willfully by the lender. The Ninth Circuit has expressly held that the deterioration provision applies only to physical damage to the collateral, and does not discharge the guarantor where the lender had delayed in realizing on the collateral,

thereby allegedly diminishing its value. *Austad v. United States,* 386 F.2d 147, 150 (9th Cir.1967). The panel reached this decision after reading the SBA guaranty as a whole, especially noting provisions giving the SBA unlimited discretion to realize or forebear from realizing on the collateral. This context, the court held, counseled an interpretation of the deterioration clause that limited it to physical loss or damage.

A district court in the Fourth Circuit held similarly. In *United States v. Houff,* 202 F.Supp. 471, 477–80 (W.D.Va.1962), the court ruled that the deterioration clause referred to a physical loss in the nature of fire or theft and that no willful act of the lender, leading to a physical loss, had been alleged. The alleged failure of the lender in *Houff* to sell the collateral so as to bring its full value did not constitute "deterioration, waste or loss caused by the wilful act or wilful failure to act" of the lender and, hence, did not discharge the guarantor. *Id.* 479–80, *citing with approval Reconstruction Finance Corp. v. Faulkner,* 101 N.H. 352, 143 A.2d 403 (1958).

The Fifth Circuit has implied that a deterioration clause might apply to a *willful* failure by the government to perfect a lien, but no allegation of willfulness had been made in that case. *United States v. Proctor,* 504 F.2d 954 (5th Cir.1974). That court did not address the distinction, drawn in both *Austad* and *Houff,* between physical loss due to fire or theft and diminution in value of the collateral due to a delay or omission in preserving the security interest on the property. Nor is the reasoning of the *Proctor* court evident; the decision focuses on the willfulness language of the guaranty provision and does not examine in any depth the applicability of the deterioration clause to situations that do not involve physical damage.

The guaranty contract at issue contains a provision specifically preserving the liability of the guarantor even where a valid lien is not created in favor of the SBA. That specific provision expresses the intent of the parties with respect to the failure to create a lien, and in reading the guaranty *in*

*pari materia,* the more precisely tailored provision, rather than the deterioration clause, should govern the instant facts. A reasonable, and harmonious, reading of the guaranty as a whole suggests that the two clauses take their meaning from one another, that the former clause applies to the failure to perfect a lien, and that the latter be restricted to those occurrences of physical damage suggested by the words "or loss by fire, theft or otherwise." In addition, the principle of *ejusdem generis* counsels that the words "or otherwise" be interpreted to mean a loss similar in kind or quality to those specified (fire and theft) and that, when read together with the preceding clause regarding failure to create a valid lien, they not be expanded to embrace the much broader meaning of waste or deterioration that Defendants would ascribe to them.

This view of the guaranty language at issue is consistent with the holding of a panel of the Tenth Circuit in *Joe Heaston Tractor & Implement Co. v. Securities Acceptance Corp.,* 243 F.2d 196 (10th Cir.1957). *Joe Heaston* held that a lender's failure to file a lien in accordance with state law, on collateral given as security for an unconditional guaranty, does not discharge the guarantor from liability on the guaranty. That decision rested on the unconditional nature of the guaranty, not on the language of a clause, such as is present here, stating that no discharge results from the failure to create a valid lien. A deterioration clause was not at issue in the *Joe Heaston* decision.

There is no authority from the Sixth Circuit on the question, although one recent opinion had cited the *Joe Heaston* decision indicating that the panel ascribed at least limited validity to the holding. *United States v. Willis,* 593 F.2d 247, 255 n. 10 (6th Cir.1979). The *Willis* court, in a footnote, distinguished the case from one, like *Joe Heaston,* in which the secured party had lost access to the collateral "by its failure to comply with state filing requirements with which it had no duty to comply in the first place." *Id.*

I note also that the *Willis* case, to the extent that it imposes an obligation of commercial reasonableness and good faith on the SBA in its actions in disposing of collateral, involves application of Uniform Commercial Code provisions (pleaded and argued by the parties at trial), not argued here, and concerns the manner of sale of collateral of which the agency had possession after default. The agency had sold the assets at a public auction for one quarter the price offered by private bidders. The court, concerned about the potential for "economic waste and financial hardship" resulting from conferring "boundless" discretion on the Government, held that the agency had a duty to exercise its powers as a creditor "in a good faith attempt to maximize the proceeds of sale." 593 F.2d at 255.

Unlike *Willis,* however, there has been no convincing argument offered in the instant case that the action of the SBA affected the value at sale of the collateral. This observation bears out the distinction, properly advanced by Plaintiff's counsel, between the clause concerning failure to create a valid lien (in which the guarantor nonetheless gets the full value of the collateral upon resale, albeit applied to some creditor other than the guaranty holder) and the deterioration clause (in which, by virtue of physical damage caused willfully by the holder's actions, less than the full value is realized upon resale). Hence, the reasoning of *Willis* is inapplicable to the case at bar and is not inconsistent with the holdings of *Austad, Houff,* and *Joe Heaston.*

These precedents, together with the principles of contract interpretation discussed above and the somewhat ambiguous authority from the Sixth Circuit in *Willis,* persuade me that the deterioration or waste provision of the guaranty does not govern the SBA's asserted failure to perfect its lien in the collateral. That provision not being applicable, it is not necessary to determine the willfulness *vel non* of the agency's actions nor is any apportionment of the alleged diminution in value of the collateral necessary. The Government's motion for summary judgment is GRANTED, and the

14

Clerk is instructed to enter the appropriate judgment.

IT IS SO ORDERED.