**UNITED STATES of America**

v.

**The FLASHER COMPANY OF TEXAS and Norman Ransleben.**

**Civ. A. No. 75–C–40.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

Nov. 15, 1977.

Helen M. Eversberg, Asst. U. S. Atty., Houston, Tex., for United States of America.

Lee Mahoney, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, Tex., for The Flasher Company of Texas and Norman Ransleben.

### MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

This is an action by the United States for and on behalf of the Small Business Administration (SBA) against The Flasher Company of Texas and Norman Ransleben for the collection of a note executed by The Flasher Company and guaranteed by Norman Ransleben. The complaint alleges an amount due of $152,626.56 plus interest.

The Plaintiff alleges that on October 23, 1967, the Defendant Flasher Company of Texas executed a promissory note payable to the Small Business Administration for the principal sum of $150,000. The note was payable in monthly installments of $843.00, with the balance of interest and principal due at the end of ten years from

the date of the note. The note contained a provision whereby, at the option of the holder, the entire amount would become due and payable in the event that any payments were not made when due.

On October 23, 1967, the Defendant Norman Ransleben, for valuable consideration, executed a guaranty agreement wherein he made an unconditional guarantee of the punctual payment of said note.

The Plaintiff has made demand of payment on both parties and both have failed and refused to pay. There is now due $152,626.56 plus interest from November 21, 1974.

The Defendant The Flasher Company of Texas, apparently a defunct corporation, has never answered the complaint, although it was served on September 12, 1975. No motion for default judgment has been filed.

■ The Defendant Norman Ransleben admits the above facts as true but alleges that he was released from the guaranty agreement by the SBA because the SBA released collateral given as security for the payment of the note without his consent, approval, or knowledge.

On September 20, 1977, the Plaintiff filed its motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's motion is granted.

The Defendant Norman Ransleben has admitted that he executed the guaranty agreement. He also admits that the note is past due and unpaid. The only issue to be resolved is whether or not the SBA's failure to protect the collateral given by the principal obligor constitutes a release by the SBA of Ransleben's obligation.

■ Whatever right Ransleben may have had to require the SBA to first pursue its remedy against the primary obligor was waived in Paragraph IV of the guaranty agreement which states in part,

"SBA shall not be required, prior to any such demand on, or payment by, the undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral."

Such a waiver does away with any rights the guarantor may have had under the law relating to a requirement that the SBA first pursue the principal debtor. *Austad v. United States*, 386 F.2d 147 (9th Cir. 1967).

■ The Defendant Ransleben's claim of release is apparently based on the SBA's failure to timely file a financing agreement. Because of such failure by the SBA, the Internal Revenue Service was able to perfect tax liens on property which had been collateral for the original loan from the SBA to The Flasher Company.

Whatever merit this contention might have is nullified by a provision in the guaranty agreement which states, in pertinent part,

"The undersigned hereby grants to SBA full power in its uncontrolled discretion and without notice to [Ransleben], . . . to deal in any manner with the Liabilities and the collateral, including, . . . the following powers:

(a) . . .

(d) to consent to the substitution, exchange, or release of all or any part of the collateral, whether or not the collateral, if any, received by SBA upon any substitution, exchange, or release shall be of a different character or value than the collateral surrendered by SBA."

Waivers of this nature have been held valid and binding on more than one occasion. *United States v. Proctor*, 504 F.2d 954 (5th Cir. 1974); *First Nat. Park Bank v. Johnson*, 553 F.2d 599 (9th Cir. 1977).

■ There being no material issue of fact, Plaintiff's motion for summary judgment as to Defendant Ransleben is granted.

Plaintiff is directed to show cause within twenty (20) days of the date of this order why the action against The Flasher Company of Texas should not be dismissed for want of prosecution.

IT IS SO ORDERED.