**UNITED STATES of America, Appellee,**

v.

**Francis KUKOWSKI, Appellant.**

**No. 83-2214.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1984.

Decided May 31, 1984.

R.E. Stefanson, Moorhead, Minn., for appellant.

Gary Annear, Fargo, N.D., for appellee.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

FAGG, Circuit Judge.

The United States brought this action to collect from the guarantor of a promissory note the unpaid principal and interest due on the note. The district court granted the United States' motion for summary judgment and we affirm.

In March 1981 Roger W. Lende executed a $70,000 promissory note to the First Bank of North Dakota (N.A.)-Fargo in consideration of a loan to be used by Lende to purchase a local service station. The Small Business Administration participated in this loan and guaranteed to repay ninety percent of the indebtedness in the event that Lende defaulted. The loan was also secured by Lende's interest in the inventory, equipment and accounts receivable of the service station. In addition to the SBA guarantee on the loan, the bank requested that Lende obtain a guarantor. Francis Kukowski agreed to act as a guarantor on the loan, and he executed an SBA guaranty form to the bank. The nature of his liability on the guaranty was explained to him by bank officials. In June 1981 the bank loaned Lende an additional $25,000 which was not guaranteed by either the SBA or Kukowski. The SBA, however, subordinated its collateral interest in the previous loan to the $25,000 loan made by the bank.

Lende defaulted on the conditions of the promissory notes by failing to make payments. The bank sold the service station equipment to the highest bidder for $7,000, and collected $4,277.97 on the accounts receivable and applied these amounts to the balance due on the $25,000 loan. The bank failed to give notice of the sale to Kukow-

ski. In November and December 1981 the $70,000 promissory note and Kukowski's guaranty were assigned by the bank to the SBA without recourse, and the balance of the equipment and accounts receivable neither sold nor collected was turned over to the SBA. The SBA then made demand upon Kukowski to pay the balance due on the note in accordance with the guaranty agreement between Kukowski and the bank. Kukowski failed to make payment on the note and the United States brought this action to enforce and collect on Kukowski's guaranty. The district court granted the United States' motion for summary judgment and Kukowski appeals.

On appeal, Kukowski argues that he was released from liability under the guaranty because (1) the bank failed to give him notice of the sale of collateral; and (2) the collateral securing the first loan was improperly applied to the second loan without Kukowski's consent. "It is of course fundamental that the starting point for analysis of the rights and duties of the parties to a guaranty agreement is the instrument itself." *United States v. Kyte*, 705 F.2d 967, 969 (8th Cir.1983), *quoting United States v. Outriggers, Inc.*, 549 F.2d 337, 339 (5th Cir.1977). Under the express terms of the guaranty, Kukowski waived any right he might otherwise have had as a result of the failure of the bank to realize on the collateral. Kukowski's guaranty granted the bank "full power, in its uncontrolled discretion *and without notice to [Kukowski]* * * * to deal in any manner with * * * the collateral." (Emphasis added.) Under the guaranty, the bank had the power "to enter into any agreement of forbearance with respect to all or any part of the collateral," "[t]o consent to the * * * exchange, or release of all or any part of the collateral" and "to forbear from realizing [on the collateral], all as [the bank] in its uncontrolled discretion may deem proper." The guaranty also provides that Kukowski's obligations "shall not be released, discharged or in any way affected * * * by reason of any action" taken by the bank in conformity with the terms of the guaranty. Waivers of this nature have previously been held valid and binding as to guarantors. *See First National Park Bank v. Johnson*, 553 F.2d 599, 601–02 (9th Cir. 1977); *United States v. Proctor*, 504 F.2d 954, 957 (5th Cir.1974); *United States v. Flasher Company of Texas*, 460 F.Supp. 231, 233 (S.D.Tex.1977).

Kukowski argues that as a guarantor, under the Uniform Commercial Code, he has the same nonwaivable right to notice of intended disposition of collateral as do the principal debtors. "[F]ederal law governs questions involving the rights of the United States arising under nationwide federal programs." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979). *See also Clearfield Trust Co. v. United States*, 318 U.S. 363, 366–67, 63 S.Ct. 573, 574–75, 87 L.Ed. 838 (1943). However, whether federal law should adopt state law or fashion a nationwide federal rule depends upon a variety of considerations. *United States v. Kimbell Foods, Inc., supra*, 440 U.S. at 728, 99 S.Ct. at 1458. In this case, where the state law on which private creditors base their daily commercial transactions is derived from a uniform statute, there is little or no concern that the federal interest in uniformity of the law will be hindered. *See id.* at 729, 99 S.Ct. at 1459. Hence, in this instance, the federal law should look to the Uniform Commercial Code on which the North Dakota law is based. The North Dakota Supreme Court has specifically refrained from deciding the issue of whether a guarantor can waive notice of intended disposition of collateral. *See State Bank of Burleigh County Trust Company v. All-American Sub, Inc.*, 289 N.W.2d 772, 779 (N.D.1980).

In *First National Park Bank v. Johnson, supra*, 553 F.2d at 599, the Ninth Circuit faced this precise issue. In that case, the court assumed that lack of notice to the debtor was a defense available to the guarantor in a suit brought by the secured party, but nevertheless held that this was a right that could be waived by the guarantor. *Id.* at 601–02. The court noted that section 9–501(3) of the Uniform Commer-

cial Code applied only to "debtors," and that guarantors were not debtors for the purposes of that section. Moreover, the court held that the policies of the Uniform Commercial Code did not require that the debtor's nonwaivability of notice be applied, by implication, to the guarantor. *Id.* at 602.

Similarly, the district court in this case held that the guarantor's defenses were insufficient as a matter of law, including the claim that as a guarantor Kukowski was entitled to notice of the sale. On unsettled questions of state law we give great weight to the district court's interpretation. *See Orlando v. Alamo,* 646 F.2d 1288, 1290 (8th Cir.1981). We agree with the district court in this case, and with the Ninth Circuit in *First National Park Bank.* Whatever rights the guarantor had with respect to notice of the intended disposition were validly waived by him in the guaranty agreement.

As to Kukowski's second appeal point, that his liability was released because the collateral securing the first loan was improperly applied to the second loan without Kukowski's consent, we observe that in the guaranty agreement Kukowski "unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due with respect to the note of the Debtor [Lende] * * *." Persons are bound by their unconditional written guarantees. *United States v. Kyte, supra,* 705 F.2d at 969; *United States v. Glenn,* 585 F.2d 366, 368 (8th Cir.1978). It is clear by the express terms of the guaranty that Kukowski agreed to subject himself to absolute liability upon Lende's default. Instead of conditioning his liability upon a requirement that the bank realize on the collateral in the event of nonpayment, Kukowski allowed the bank unfettered discretion to sell, release, or forbear, with respect to all or any part of the collateral. *United States v. Kyte, supra,* 705 F.2d at 969; *United States v. Southern Cycle Access, Inc.,* 567 F.2d 296, 297 (5th Cir.1978); *United States v. Outriggers, Inc., supra,* 549 F.2d at 339. "Where a guaranty is unconditional, a creditor, at least absent willful or grossly negligent waste or misconduct, may recover a deficiency judgment from an unconditional guarantor without regard to the creditors' treatment of the collateral." *First National Park Bank v. Johnson, supra,* 553 F.2d at 602. Kukowski makes no claim of waste or misconduct in this case. The district court properly concluded that the absolute and unconditional language of the guaranty served as a waiver of any right Kukowski might have had under either the guaranty itself or the Uniform Commercial Code.

The judgment of the district court is affirmed.