**STOCKDALE, INC., Appellant,**

v.

**Robert G. BAKER and Barbara M. Baker, Defendants,**

**and**

**Richard J. Berns, Appellee.**

**No. 84–707.**

Supreme Court of Iowa.

March 20, 1985.

Rehearing Denied April 15, 1985.

Larry A. Stoller and David C. Larson of Stoller & Larson, Spirit Lake, for appellant.

John G. Martens of Sanderson, Ridout, Martens & Surfass, Estherville, and Kathleen Neylan, Elkader, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

The plaintiff Stockdale, Inc. appeals from a summary judgment entered for defendant Richard J. Berns, who had cosigned a note with defendants Baker. Stockdale complains that the district court erred in ruling that, because Stockdale had failed to serve Berns a notice of proposed sale of collateral, Iowa Code section 554.9504(3) (1983), it was precluded from obtaining a deficiency judgment from him. We affirm.

The facts are largely undisputed. The defendants Robert G. Baker and Barbara M. Baker borrowed money from Stockdale to purchase body shop equipment, and the note given was cosigned by Berns. The Bakers defaulted on the note, and Stockdale sued the Bakers and Berns. Stockdale was granted a default judgment against the Bakers and, after a sale of the collateral, proceeded to collect the balance of the indebtedness from Berns. Stockdale filed a motion for summary judgment against Berns claiming he had agreed to pay the note upon default, that he had no defense to the claim, and that no genuine issue of material fact was in dispute.

Berns resisted and filed his own motion for summary judgment, maintaining that Stockdale's failure to give notice of the intended sale of the collateral waived its right to a deficiency judgment. *See Herman Ford-Mercury, Inc. v. Betts*, 251 N.W.2d 492, 496 (Iowa 1977). In Stockdale's resistance to Berns' summary judgment motion, it raised only one issue, that "as a matter of law, defendant Richard J. Berns, was not entitled to a notice of the sale of collateral ... [under] the provisions of section 554.9504." No supporting affidavits were attached.

On the cross-motions for summary judgment, the court ruled that no genuine issue of material fact was shown and that defendant Berns had been entitled to notice of the intended sale of collateral. Under *Herman Ford-Mercury, Inc.*, it concluded, Berns was not liable to Stockdale for any deficiency judgment.

Stockdale then filed a motion to reconsider and for the first time accompanied his motion with factual affidavits alleging that Berns had had actual notice of the intended sale of the collateral and that issues of material fact therefore existed. While the district court granted the motion to recon-

sider and held a subsequent hearing, it concluded that plaintiff had failed to comply with Iowa Rule of Civil Procedure 237 by failing to timely resist the motion for summary judgment with affidavits. It concluded that Stockdale was precluded from supplementing the record in a subsequent hearing. Stockdale then appealed.

The issues raised on appeal are: (1) whether Berns, as a cosigner with no ownership rights in the collateral, was entitled to notice of the intended sale of the collateral under Iowa Code section 554.9504(3); (2) if he was entitled to notice, what were the consequences of a failure to give it; and (3) whether the court erred in refusing to consider the late-filed affidavits in its hearing on the motion to reconsider.

## I. *The Notice Requirement.*

Stockdale contends that Berns, as a cosigner of the promissory note, was not entitled to notice of an impending sale of collateral since he had no ownership interest in it. Section 554.9504(3) sets out the procedure for sale of collateral:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the *debtor*, if he has not signed after default a statement renouncing or modifying his right to notification of sale. [Emphasis added.]

Chapter 554 does not say what the effect would be of a failure to give the required notice.

The first issue to be resolved is whether Berns falls within the statute's definition of a "debtor." If so, he was entitled to notice of the intended sale.

Debtor is defined in section 554.-9105(1)(d):

> *"Debtor"* means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the Article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires[.]

Stockdale contends that, under the second sentence of this section, when the debtor and owner of the collateral are not the same person, debtor means the owner of the collateral and asserts that it is clear Berns is not the actual owner of the collateral. (It is undisputed that Berns had no actual ownership interest in the collateral.) Berns, on the other hand, points to the first sentence of the definition which, he claims, includes him as a "debtor" whether or not he owns any interest in the collateral because he is a "person who owes payment . . . of the obligation secured." He claims that the purpose of the second sentence, upon which Stockdale relies, is only to "expand the category of debtors under the commercial code to an owner of the collateral who is not actually signed on the instrument of indebtedness."

Section 554.9504(3) of our code is identical to Uniform Commercial Code section 9–504(3), and we therefore look to cases from other jurisdictions interpreting it. The weight of authority appears to include cosigners in the definition of debtor. *See, e.g., First National Bank of Denver v. Cillessen,* 622 P.2d 598 (Colo.App.1980); *Commercial Discount Corp. v. Bayer,* 57 Ill.App.3d 295, 14 Ill.Dec. 647, 372 N.E.2d 926 (1978); *Barnett v. Barnett Bank of Jacksonville, N.A.,* 345 So.2d 804 (Fla.App.

1977); *Hepworth v. Orlando Bank & Trust Co.*, 323 So.2d 41 (Fla.App.1975); *United States Small Business Administration v. Kurtz*, 525 F.Supp. 734 (E.D. Pa.), *aff'd without opinion*, 688 F.2d 827 (3rd Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982). *See generally*, annot., 5 A.L.R.4th 1291, 1292–97 (1981).

The purpose of notice under section 9504(3) is to permit a debtor to bid in at the sale or to protect himself from an inadequate sale price. *Federal Deposit Insurance Corp. v. Farrar*, 231 N.W.2d 602, 605 (1975); *Beneficial Finance Co. of Black Hawk County v. Reed*, 212 N.W.2d 454, 459 (Iowa 1973); *Nelson v. Monarch Investment Plan of Henderson, Inc.*, 452 S.W.2d 375, 377 (Ky.1970). We believe the rationale of these cases is also applicable to a cosigner who is not the owner of the collateral. Even though a nonowner has no redemption right, such a person may still wish to bid on the property or to encourage others to do so in order to minimize or eliminate a deficiency judgment. We conclude Berns, as cosigner, was a "debtor" entitled to notice under section 554.9504(3).

As an aside, we note that the security agreement signed by these parties apparently anticipated notice to be served on parties other than the owners of the collateral. Paragraph eleven of the agreement provides that "any requirements of reasonable notice by either party to the other or to any guarantors or sureties of debtor shall be met if such notice is mailed, postage prepaid, to the address of the parties shown on the first page of this agreement. . . ."

II. *The Effect of Failure to Give Notice.*

In *Herman Ford-Mercury, Inc.*, 251 N.W.2d at 496, we held that notice of a proposed disposition of collateral was a condition precedent to recovery of any deficiency between the sale price of the collateral and the unpaid balance of the indebtedness. *See also Federal Deposit Insurance Corp.*, 231 N.W.2d at 605.

Stockdale seeks to avoid the rule of these cases on two bases. First, it claims this sale was by the Bakers (the primary debtors), not by Stockdale. Thus, it was not a disposition of collateral by a secured party so as to come under section 554.-9504(3), according to its argument. We summarily dispose of this argument. While the contract of sale was signed by the Bakers, it was also signed by Stockdale, and there is no question that the sale was forced by Stockdale, which demanded payment. We believe it was a disposition of collateral by a secured party as contemplated by section 554.9504(3).

Stockdale's alternative theory to avoid the rule of *Herman Ford-Mercury, Inc.* is to attack it head-on. It suggests a rule which does not result in the total forfeiture of a creditor's right to deficiency judgment but which would only create a "rebuttable presumption" that the value of the collateral sold was sufficient to extinguish the balance of the indebtedness. A creditor would be permitted to rebut this presumption and to show, if it could, that the sale of the collateral was commercially reasonable.

Stockdale argues this is a more equitable rule to apply and one which is becoming the prevalent view. In *Herman Ford-Mercury, Inc.*, this court discussed the alternative rules and opted for the condition precedent approach. *See* 251 N.W.2d at 495–96. This view finds considerable support among other jurisdictions as well. *See* annot., 59 A.L.R.3d 401, 409 (1974). We adhere to that rule and hold that service of notice of a proposed disposition is a condition precedent to recovery of a deficiency judgment against a cosigner as well as against the principal debtor.

III. *The "Reconsidered" Summary Judgment Motions.*

Stockdale contends that, in any event, there were issues of material fact as to Berns' actual knowledge of the proposed sale and that summary judgment was not

appropriate. Its only resistance to Berns' motion for summary judgment, however, was based on the fact that Berns was not entitled to notice under the statute. It did not assert, nor did it furnish affidavits to support, any theory that Berns had actual notice of the proposed sale.

After the court originally granted Berns' summary judgment and Stockdale moved to reconsider, it attempted to bolster its position by filing an affidavit which, for the first time, asserted that Berns had actual notice. As the district court correctly observed, the affidavits were not timely under Iowa Rule of Civil Procedure 237 and should not have been considered. Under the posture of the case as it was at the time of the summary judgment hearing, the only issue was a legal one, whether Berns was entitled to notice, and the district court correctly resolved that issue in Berns' favor.

We find no reversible error.

AFFIRMED.