John S. Prescott and Stan Waid appeal from a final judgment of the Circuit Court of Marion County on the grounds that the trial court erred by granting two motions in limine in favor of appellee Thompson Tractor Company, Inc. (hereinafter "Thompson"). We reverse.
Appellants executed a guaranty agreement on February 5, 1981, guaranteeing payment of a debt owed by Art Coal Company, Inc. (hereinafter "Art"), to Thompson, which was evidenced by a promissory note secured by certain industrial machinery sold to Art by Thompson. Appellants also agreed to indemnify Thompson for expenses and attorney's fees incurred by Thompson because of Art's default on its note.
Art filed a voluntary petition in bankruptcy in September 1982, and defaulted on its note. Pursuant to an order of the bankruptcy court, Thompson repossessed and sold the industrial equipment securing the note executed by Art.
On May 12, 1983, Thompson filed suit against appellants-guarantors, demanding judgment for an alleged deficiency remaining after the sale of the secured equipment and for interest, costs, and attorney's fees. Appellants filed a motion to dismiss on June 8, 1983. The motion to dismiss was never ruled on by the trial court. Appellants filed their answer on February 14, 1985, the day the case was set for trial.
In their answer, appellants defended on the grounds that Thompson's sale of the collateral was not made in a commercially reasonable fashion, and that the debt *Page 515 
claimed by Thompson was barred by the United States Bankruptcy Act.
The trial court's order sets forth the remainder of the facts preserved in the record for our review. The order reads as follows:
 Case styled as above came before the Court on the regular call of the Jury Docket on February 14, 1985. At an in camera pre-trial conference the Plaintiff filed an oral motion in limine asking that the Defendants be barred from offering any evidence as to the commercial reasonableness of the disposition of collateral by the Plaintiff.
 In response to said Motion the Defendants made a showing that the Plaintiff's claim against the Defendants as guarantors of Art Coal Company, was based upon a deficiency resulting from the balance due on a purchase money obligation following disposition by the Plaintiff after repossession of its collateral. The Defendants further contend that the evidence to be offered in defense of the Plaintiff's deficiency claim consisted of evidence that the disposition was commercially unreasonable in the method, manner, time, place, and price.
 After determination that the Defendants had failed to raise the issue of [commercial] reasonableness of the disposition of the collateral by a counterclaim, they were barred from offering any testimony of [sic] producing any evidence relating to the commercial . . . reasonableness of the disposition and it was so ordered.
 The Plaintiff then offered an oral motion to bar the Defendants from offering testimony or evidence as to the balance due the Plaintiff by Art Coal Company and specifically with regard to the impact of the bankruptcy proceedings filed by Art Coal Company as to the amount of interest, attorneys fees, and other expenses for which the Defendants would be liable.
 In response, the Defendants made a showing that the Defendants had guaranteed a purchase money obligation of Art Coal Company to the Plaintiff. That Art Coal Company filed a bankruptcy petition listing the Plaintiff as a creditor. That the bankruptcy proceeding had the effect of tolling the accrual of interest, attorneys fees, and other expenses as of the date of the filing of its petition. That the Defendants, as guarantors, would not be liable for post-petition interest, attorneys fees, and other expenses chargeable on the agreement between Art Coal Company and the Plaintiff. That the Defendant[s] would offer evidence of the debt as of the date of the bankruptcy and of the filing of the bankruptcy.
 After consideration the Court granted the . . . motion in limine and thereby barred the Defendants from offering evidence of the effect of the bankruptcy proceeding on the debt to the Plaintiff.
 The Defendants object to the granting of the Motions, separately and severally and an exception is granted.
 The Defendants then advised the Court that limited by the rulings as herein set out they were not able to present a defense to the Plaintiff's claim of $700,000.00.
 Wherefore, premises considered, it is hereby ordered, adjudged and decreed that the Plaintiff have and recover of the Defendants, John S. Prescott and Stan Waid, the sum of $700,000.00 . . . for which let execution issue.
 It is further ordered, adjudged and decreed that the Defendants' objection[s] to the ruling as herein set out are specifically reserved for the purpose of appellate review. This Order is a final judgment disposing of all issues before the Court and should not for any purpose be considered interlocutory in nature or reserving to the Court any further determination in regard to this matter.
Appellants filed a motion for new trial on April 30, 1985, which was automatically denied after 90 days, pursuant to Ala.R.Civ.P. 59.1. *Page 516 
The issue on appeal is whether the trial court erred by granting Thompson's motions in limine. More specifically, did the trial court err by not allowing appellants to raise the issue of commercially unreasonable disposition of the secured collateral by way of an answer and by not allowing appellants to offer evidence of United States Bankruptcy Code provisions that allegedly limit a guarantor's liability for interest, expenses, and attorney's fees?
Before addressing the merits of these issues, we point out that the record on appeal is sufficient to preserve the alleged error of the trial court in granting Thompson's motions inlimine for appellate review.
Although the trial court has broad discretion in evidentiary matters, including the granting of a motion in limine,Louisville N.R.R. v. Phillips, 293 Ala. 713, 310 So.2d 194
(1975), and State v. Askew, 455 So.2d 36 (Ala.Civ.App. 1984), we are of the opinion that the trial court abused its discretion by prohibiting the appellants from introducing evidence on the issue of the commercial reasonableness of Thompson's disposition of the collateral on the grounds stated in its order.
In First Alabama Bank of Montgomery v. Parsons, 390 So.2d 640
(Ala.Civ.App. 1980), the court held that a guarantor is a "debtor," as that term is defined in Code 1975, § 7-9-105 (1)(d), and, therefore, that a guarantor is entitled to the protection afforded debtors in Code 1975, § 7-9-504 (3). Section 7-9-504 (3) provides that "every aspect of the disposition [of collateral,] including the method, manner, time, place and terms must be commercially reasonable." Pursuant to Code 1975, § 7-9-504 (3), appellants in the instant case had the right to raise the issue of the commercial reasonableness of Thompson's disposition of Art's secured collateral.
Thompson contended, and the trial court agreed, that the issue of commercial reasonableness should have been raised by way of counterclaim and not as an affirmative defense pleaded by way of appellants' answer. Appellants argued to the trial court, and argue again on appeal, that the issue of commercial reasonableness was properly raised as an affirmative defense by their answer to Thompson's complaint. Appellants also contend that, even if the issue of commercial reasonableness was incorrectly designated as a defense rather than as a counterclaim, the trial court should have treated the issue as if it had been properly designated, as is required by Rule 8 (c) of the Alabama Rules of Civil Procedure. We agree.
Rule 8 (c) of the Alabama Rules of Civil Procedure was promulgated to prevent the very situation presented by this case — the preclusion of a viable defense or claim because of a technical inaccuracy in pleading. Rule 8 (c) states:
 When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation. [Emphasis added.]
Assuming, arguendo, that the issue of commercial reasonableness should have been asserted as a counterclaim in the instant case, the trial court erred by not following the mandate of Rule 8 (c).
Thompson also argues that any right appellants had to raise the issue of commercial reasonableness was waived in the guaranty agreement. On the other hand, appellants assert that Code 1975, § 7-9-501 (3), absolutely prohibits the waiver of the commercial reasonableness requirements of Code 1975, § 7-9-504 (3). This Court held in Simmons Machinery Co. v. M MBrokerage, Inc., 409 So.2d 743 (Ala. 1982), that a debtor may make a postdefault waiver of his or her right to notice afforded by § 7-9-504 (3). However, we have not determined whether a guarantor can make a predefault waiver of notice and of the right to challenge the commercial *Page 517 
reasonableness of a sale of collateral by a creditor.
As previously noted, a guarantor is a "debtor" as defined under Code 1975, § 7-9-105 (1)(d), and is entitled to those rights afforded by § 7-9-504 (3). Section 7-9-501 (3) prohibits the waiver of the provisions in § 7-9-504 (3) "[t]o the extent that they give rights to the debtor and impose duties on the secured party." Courts in other jurisdictions have reached opposite conclusions as to whether the prohibition of waiver at § 7-9-501 (3) is to be applied to guarantors. For decisions holding that a guarantor may not waive rights afforded by § 7-9-504 (3), see United States v. Willis, 593 F.2d 247 (6th Cir. 1979); Ford Motor Credit Co. v. Lototsky, 549 F. Supp. 996
(E.D.Pa. 1982); Commercial Discount Corp. v. King, 515 F. Supp. 988
(N.D.Ill. 1981); Small Business Administration v. ChatlinsDept. Stores, Inc., 506 F. Supp. 108 (E.D.Pa. 1980); CommercialCredit Corp. v. Lane, 466 F. Supp. 1326 (M.D.Fla. 1979); SavingsBank of New Britain v. Booze, 34 Conn. Sup. 632, 382 A.2d 226
(Super.Ct. 1977); Barnett Bank of Tallahassee v. Campbell,402 So.2d 12 (Fla.Dist.Ct.App. 1981); McEntire v. Indiana NationalBank, 471 N.E.2d 1216 (Ind.Ct.App. 1984); Clune EquipmentLeasing Corp. v. Spangler, 615 S.W.2d 106 (Mo.Ct.App. 1981);First Bank Trust Co. of Ithaca v. Mitchell, 123 Misc.2d 386,473 N.Y.S.2d 697 (Sup.Ct. 1984); State Bank v. All-AmericanSub, Inc., 289 N.W.2d 772 (N.D. 1980). For decisions adopting the opposite position, see Mendelson v. Maplewood Poultry Co.,684 F.2d 180 (1st Cir. 1982); United States v. Lattauzio,748 F.2d 559 (10th Cir. 1981); First National Park Bank v. Johnson,553 F.2d 599 (9th Cir. 1977); United States ex rel. SmallBusiness Administration v. Kurtz, 525 F. Supp. 734 (E.D.Pa. 1981), aff'd, 688 F.2d 827 (3rd Cir. 1982), cert. denied,459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982); NationalAcceptance Co. of America v. Wechsler, 489 F. Supp. 642
(N.D.Ill. 1980); Vickers v. Chrysler Credit Corp.,158 Ga. App. 434, 280 S.E.2d 842 (1981); Continental Leasing Corp. v. Lebo,217 Pa. Super. 356, 272 A.2d 193 (1970).
Having reviewed the authorities above, we conclude that the better view, which we now adopt, is that § 7-9-501 (3) precludes waiver by a guarantor in a guaranty agreement of notification of the disposition of collateral and of the right to raise the issue of commercial reasonableness in the disposition of collateral. We agree with the rationale of the court in McEntire v. Indiana National Bank, 471 N.E.2d 1216,1224 (Ind.Ct.App. 1984), that a guarantor
 cannot waive this right for virtually the same reasons he was entitled to notice in the first place, the U.C.C. prizes function over form. If we were to find otherwise, a secured party could avoid the protection afforded debtors by the mere expedient of requiring [that] a guaranty be executed with each security agreement. Such result would then hinge upon semantics rather than actualities.
The trial court did not abuse its discretion by prohibiting the introduction of evidence concerning the effect of the United States Bankruptcy Code on the amount of Art's indebtedness owed to Thompson on the date Art filed its bankruptcy petition. Appellants contend that § 506 (b) of The United States Bankruptcy Code, 11 U.S.C. § 506 (1983), tolled the accrual of interest, attorney's fees, and expenses associated with Art's indebtedness to Thompson from the date that Art filed its bankruptcy petition, and that, as Art's guarantors, they are liable to Thompson only for the amount Art owed Thompson at the time Art filed for bankruptcy. Therefore, appellants assert that the trial court should have permitted evidence of the amount of Art's indebtedness owed to Thompson on the date Art filed for bankruptcy.
The holder of an allowed claim, secured by property, is entitled to interest, reasonable fees, costs, or charges, provided that the value of the secured property, less certain deductions, is greater than the amount of the claim and the agreement under *Page 518 
which the claim arose provides for the recovery of interest and other expenses. 11 U.S.C. § 506 (b) (1983); 3 W. Collier,Collier on Bankruptcy ¶ 506.05 (ed. 1985).
It is not necessary in this case to reach the issue of the effect of Section 506 (b) on appellants' indebtedness to Thompson, because the guaranty agreement gives Thompson the right to recover these expenses and costs from appellants without regard to the amount of Art's indebtedness to Thompson. The guaranty agreement reads as follows:
 [E]ach of the undersigned Guarantors hereby, jointly and severally, and unconditionally, guarantees to you and your successors or assigns that the Obligor will fully, promptly and faithfully perform, pay and discharge all of the Obligor's present and future obligations to you; and agrees (a) without your first having to proceed against the Obligor or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from the Obligor and all losses, costs, attorneys' fees and expenses which you may suffer by reason of the Obligor's default, (b) to be bound by and on demand to pay any deficiency established by a sale (with or without notice) of paper or security held, and (c) to pay reasonable attorneys' fees (15% of the amount then due but not exceeding the maximum, if any, permitted by law) if this instrument is placed with an attorney for collection from any of the undersigned.
Because the guaranty agreement requires appellants to discharge Art's obligations and to pay "all losses, costs, attorneys' fees and expenses," evidence regarding the alleged effect of Section 506 (b) upon appellants' indebtedness to Thompson was irrelevant. The trial court did not abuse its discretion in granting Thompson's motion in limine barring evidence of the effect of Section 506 (b).
For the reasons set out above, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.