UNITED STATES of America, Plaintiff,

v.

Elizabeth L. JENSEN,
Defendant–Movant.

No. 86–1465.

Supreme Court of Iowa.

Jan. 20, 1988.

John L. Duffy and Richard H. Moeller of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, for defendant-movant.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, for plaintiff.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LARSON, Justice.

Elizabeth L. Jensen signed a guaranty agreement in connection with a Small Business Administration (SBA) guaranteed loan from the Northwood State Bank of Northwood, Iowa, to Town and Country Motors, a corporation in which Jensen had an interest. The bank took a security interest from Town and Country Motors which covered its accounts receivable, inventory, fixtures, and other business assets. Town and Country defaulted on the loan, and the bank began collection proceedings, eventually selling the collateral covered by its security agreement. Jensen was not notified of the bank's intention to dispose of the collateral. Although she had signed a waiver of notice in the guaranty agreement, she had not signed such a waiver after default. *See* Iowa Code § 554.9504(3) (1985) (waiver of notice by "debtor" binding only if signed after default). The loan balance remained unsatisfied after the sale of the collateral, and the SBA (which had by then taken an assignment of the loan from the bank) sued Jensen in federal court on her guaranty agreement.

Jensen defended on the ground that the bank's failure to serve her with a notice of its intended disposition of the collateral deprived the SBA of any rights to a deficiency judgment. *See Stockdale, Inc. v. Baker,* 364 N.W.2d 240, 243 (Iowa 1985); *Herman Ford–Mercury, Inc. v. Betts,* 251 N.W.2d 492, 496 (Iowa 1977).

The United States argues that a guarantor is not a "debtor" for purposes of the notice requirements of section 554.9504(3) and, in any event, Jensen had signed a binding waiver of notice in the guaranty agreement. We hold that a guarantor is a debtor for purposes of notice under section 554.9504(3) and that statute renders invalid any waiver executed before default.

Iowa Code section 554.9504(3), which lies at the heart of this controversy, provides:

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after

which any private sale or other intended disposition is to be made shall be sent by the secured party to the *debtor,* if the *debtor* has not signed *after default* a statement renouncing or modifying the debtor's right to notification of sale.

(Emphasis added.)

In an action on an SBA loan, federal law governs the rights and obligations of the parties. *See United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711, 722–23 (1979); *United States v. Kukowski,* 735 F.2d 1057, 1058 (8th Cir.1984); *Victory Highway Village, Inc. v. Weaver,* 634 F.2d 1099, 1101 (8th Cir.1980). However, in some cases, federal law will adopt state law rather than fashion a nationwide federal rule. *Kimbell Foods, Inc.,* 440 U.S. at 727–40, 99 S.Ct. at 1457–64, 59 L.Ed.2d at 723–31. One consideration is whether the adoption of state law will provide uniformity. *See Kukowski,* 735 F.2d at 1058.

When applying state law that is based on the Uniform Commercial Code, concerns for uniformity should be satisfied. *Id.* at 1058. An analysis of the cases interpreting section 9–504(3) of the Uniform Commercial Code (our section 554.9504(3)), however, reveals some disagreement on the question of whether a guarantor is a debtor for notice purposes and whether a predefault waiver by a guarantor is binding.

■ I. Iowa Code section 554.9105(1)(d) (1985) provides this definition of a debtor:

"*Debtor*" means the person who owes payment or other performance of the obligation secured, whether or not the person owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the Article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires[.]

This broad definition of "debtor" obviously encompasses more than the principal debtor, and is not limited to parties having a direct interest in the collateral. In light of this broad definition, one authority has noted that the Uniform Commercial Code requirement for service of notice "may conceivably encompass a variety of people," although it suggests a relatively narrow interpretation of the term so as to avoid "an unnecessary trap for the unwary creditor." J. White & R. Summers, *Uniform Commercial Code* § 26–10, at 1113 (1980).

In *Stockdale, Inc. v. Baker,* 364 N.W.2d 240, 242–43 (Iowa 1985), we held that a cosigner was a debtor under section 554.-9504(3) and thus entitled to receive notice regarding disposal of the collateral. The rationale of *Stockdale* was that a cosigner has an interest in seeing that the collateral sells for the maximum price possible so as to minimize the cosigner's ultimate exposure to payment. 364 N.W.2d at 243. The same rationale applies here. *See Chemlease Worldwide, Inc. v. Brace, Inc.,* 338 N.W.2d 428, 433 (Minn.1983).

Other jurisdictions have held that a guarantor is a "debtor" entitled to notice. *See, e.g., United States v. Lang,* 610 F.Supp. 292 (D.Vt.1985) (applying Vermont law); *United States v. Gleneagles Inv. Co.,* 584 F.Supp. 671 (M.D.Pa.1984) (applying Pennsylvania law); *National Acceptance Co. v. Medlin,* 538 F.Supp. 585 (N.D.Ill.1982) (applying Illinois law); *Commercial Discount Corp. v. King,* 515 F.Supp. 988 (N.D.Ill. 1981) (applying Illinois law); *Prescott v. Thompson Tractor Co.,* 495 So.2d 513 (Ala. 1986); *Connolly v. Bank of Sonoma County,* 184 Cal.App.3d 1119, 229 Cal.Rptr. 396 (1986); *Barnett v. Barnett Bank of Jacksonville,* 345 So.2d 804 (Fla.App.1977); *Commercial Discount Corp. v. Bayer,* 57 Ill.App.3d 295, 14 Ill.Dec. 647, 372 N.E.2d 926, 5 A.L.R.4th 1283, 1288 (1978); *McEntire v. Indiana Nat'l Bank,* 471 N.E.2d 1216 (Ind.App.1984); *In re Estate of Bluestone,* 121 Mich.App. 659, 329 N.W.2d 446 (1982) (dictum); *Chemlease Worldwide, Inc.,* 338 N.W.2d at 433 (noting this is majority rule); *Borg–Warner Acceptance Corp. v. Watton,* 215 Neb. 318, 338 N.W.2d 612 (1983); *Butte State Bank v. Williamson,* 215 Neb. 296, 338 N.W.2d 598 (1983); *DeLay First Nat'l Bank & Trust Co. v. Jacobson Appliance Co.,* 196 Neb. 398, 243

N.W.2d 745 (1976); *T & W Ice Cream, Inc. v. Carriage Barn, Inc.*, 107 N.J.Super. 328, 333, 258 A.2d 162, 165 (1969); *Chase Manhattan Bank v. Natarelli*, 93 Misc.2d 78, 401 N.Y.S.2d 404 (N.Y.Sup.Ct.1977); *State Bank of Burleigh County Trust Co. v. All–American Sub, Inc.*, 289 N.W.2d 772 (N.D.1980) (dictum); *Zion's First Nat'l Bank v. Hurst*, 570 P.2d 1031 (Utah 1977); *Adams v. B & D Builders & Developers, Inc.*, 144 Vt. 353, 477 A.2d 628 (1984); *Rhoten v. United Virginia Bank*, 221 Va. 222, 269 S.E.2d 781 (1980). *See generally,* Annotation *Construction of Term "Debtor" as Used in UCC § 9–504(3), Requiring Secured Party to Give Notice to Debtor of Sale of Collateral Securing Obligation,* 5 A.L.R.4th 1291, 1293–97 (1981).

Based on the Code's broad definition of debtor and the rationale of cases from other jurisdictions and our *Stockdale* case, we conclude that a guarantor is a debtor for purposes of notice under Iowa Code section 554.9504(3).

■ II. The guaranty agreement signed by Jensen was broad and, if given full effect, would waive any rights she might otherwise have under section 554.-9504(3) to receive notice of the intended disposition of collateral. Jensen, in fact, does not argue otherwise.

We cannot accept the government's argument, however, that, while she may be a debtor under the general definition of that term, she is not a debtor for purposes of section 554.9504(3)'s prohibition against predefault waivers. To do so would give the term "debtor" different meanings under sections 554.9105(1)(d) and 554.9504(3). Cases from other jurisdictions have held that a guarantor may not waive notice before default under similar statutes. *See, e.g., McEntire v. Indiana Nat'l Bank,* 471 N.E.2d at 1224–25; *Chemlease Worldwide, Inc.,* 338 N.W.2d at 433; *Borg–Warner Acceptance Corp. v. Watton,* 215 Neb. at 324, 338 N.W.2d at 615–16 (citing cases from several jurisdictions). *Contra Kukowski,* 735 F.2d at 1058–59 (applying similar language from North Dakota statute, held guarantor may waive before default).

In summary, we conclude that Jensen was a "debtor" entitled to notice of the bank's intended disposition of the collateral and that the purported waiver signed prior to default was prohibited by section 554.-9504(3).

CERTIFIED QUESTION ANSWERED.