**A.L.C. FINANCIAL CORP., A Minnesota Corporation, Plaintiff–Appellee,**

v.

**William P. RAY, d/b/a Kustom Body Works Corp., Defendant–Appellant.**

No. 87–1472.

Court of Appeals of Iowa.

Jan. 26, 1989.

Garold F. Heslinga of Heslinga & Dixon, Oskaloosa, for defendant-appellant.

1. We note in explanation that this is the manner in which plaintiff styled its pleadings.

2. We further note that in the Ruling part of the trial court's judgment that it found that judg-

Michael P. Mallaney and Steven H. Shindler of Wimer, Hudson, Flynn & Neugent, Des Moines, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

The defendant, William Ray, d/b/a Kustom Body Works Corporation[1], appeals the district court's decision awarding the plaintiff, A.L.C. Financial Corporation, $41,514.80[2] plus interest for default on a lease. Mr. Ray acted as personal guarantor for Kustom Body Works. A.L.C. is assignee of the lease signed by Squareliner 360, Inc. and Kustom Body Works. It is asserted the trial court erred 1) in finding the defendants waived notice of sale of repossessed collateral; 2) in granting a deficiency judgment to A.L.C. after finding the notice not to be commercially reasonable; 3) in failing to find there was a failure of consideration; 4) in fixing the amount of judgment; and 5) in admitting into evidence a deposition taken by telephone. We reverse.

William Ray, d/b/a Kustom Body Works leased an auto body straightening and frame alignment system from Squareliner. All the equipment leased was delivered to the defendant except for a McPherson Strut Gauge, which was essential for operating the system. Squareliner was informed of this omission. The gauge was never delivered. Kustom Body Works made no payments on the lease other than the down payment. A.L.C. repossessed the equipment and sold it back to itself on March 7, 1984, for $4,000. Two months later A.L.C. sold the equipment to an auto body shop for $9,000.

The defendants assert the trial court erred in finding that they waived notice of sale and rights under the U.C.C. by signing the lease which contained a statement of waiver of notice. In this respect, paragraph 15 of the lease does state that the lessor may repossess the equip-

ment should be entered against both defendants and judgment was entered against the defendant in the manner styled in the caption.

ment and sell it at a public or private sale with or without notice to the lessee.

But it is clear in Iowa that notice of sale cannot be waived unless the debtor signs a statement renouncing his right to notification *after* default. Iowa Code §§ 554.-9501(3) and 554.9504(3) (waiver of notice by "debtor" binding only if signed after default). *U.S. v. Jensen,* 418 N.W.2d 65 (Iowa 1988). *See Rock Rapids State Bank v. Gray,* 366 N.W.2d 570, 574 (Iowa 1985). That part of section 554.9504(3) that applies here provides:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if the debtor has not signed after default a statement renouncing or modifying the debtor's right to notification of sale.

■ The parties agreed that no waiver of notification was signed by the defendant after the default on the lease. It is clear that the plaintiff is not entitled to a deficiency judgment against William P. Ray, d/b/a Kustom Body Works Corp. However, A.L.C. argues that Mr. Ray, as guarantor, is not a debtor as contemplated by the U.C.C.; therefore, such code sections are inapplicable as to him. We disagree.

Section 554.9105(1)(d) defines debtor:

> d. "Debtor" means the person who owes payment or other performance of the obligation secured, whether or not the person owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the Article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires;

As the Court stated in *U.S. v. Jensen,* 418 N.W.2d 65, 66 (Iowa 1988): "This broad definition of 'debtor' obviously encompasses more than the principal debtor, and is not limited to parties having a direct interest in the collateral." A majority of jurisdictions, as well as our own, hold that a guarantor is a debtor within the meaning of U.C.C. section 9–504. *U.S. v. Jensen,* 418 N.W.2d 65, 67 (Iowa 1988); *Chemlease Worldwide Inc. v. Brace, Inc.,* 338 N.W.2d 428, 433 (Minn.1983) (citing other jurisdictions). *See also Stockdale, Inc. v. Baker,* 364 N.W.2d 240, 243 (Iowa 1985), where it was held that a cosigner was a debtor under section 554.9504(3) and thus entitled to receive notice regarding disposal of the collateral.

The trial court found that the notice of sale did not comply with Iowa Code section 554.9504(3) and that the sale was not commercially reasonable. We agree. As it relates to Mr. Ray, as guarantor, we determine that he is a debtor for the purpose of notice under section 554.9504(3). Since Mr. Ray did not waive his right to notice of sale after default, we hold that the plaintiff is not entitled to deficiency judgment against him. *Rock Rapids State Bank v. Gray,* 366 N.W.2d 570, 574 (Iowa 1985). We note in passing that appellee in its brief makes reference to Minnesota law. This is the first occasion that foreign law has been injected into this case. It is settled law in this state that foreign law must be pleaded and proven. We will not take judicial notice of foreign law in the absence of such pleading and proof. *Zeman v. Canton State Bank,* 211 N.W.2d 346 (Iowa 1973).

Since we reverse the trial court, we do not find it necessary to address the remaining brief points.

REVERSED.