UNITED STATES of America, Plaintiff–Appellee,

v.

Barton C. KELLEY and Donna Marie Kelley, et al., Defendants–Appellants,

v.

FAIRLAWN PLAZA STATE BANK, Third Party Defendant–Appellee.

No. 85–1259.

United States Court of Appeals, Tenth Circuit.

Nov. 21, 1989.

Frank M. Rice (Dan L. Wulz with him on the brief) of Schroer, Rice, Bryan & Lykins, Topeka, Kan., for defendants-appellants.

Alleen S. Castellani, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with her on the brief), Topeka, Kan., for plaintiff-appellee.

Arthur E. Palmer of Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., filed a brief for third party defendant-appellee.

Before LOGAN and BALDOCK, Circuit Judges, and PHILLIPS, District Judge.[*]

* The Honorable Layn R. Phillips, United States District Judge for the Western District of Okla-

LOGAN, Circuit Judge.

Defendants Barton and Donna Kelley appeal the grant of summary judgment in favor of plaintiff Small Business Administration (SBA) and the dismissal of third-party defendant Fairlawn Plaza State Bank (Bank). The Kelleys personally guaranteed two $130,000 promissory notes of Kelley Aquarium and Pet Supplies Co., Inc., for SBA-guaranteed loans through the Bank. Both notes were secured by assets of the debtor. The debtor subsequently defaulted and the Bank liquidated the collateral securing the notes. The net proceeds of the liquidation sale were applied to reduce the amounts owing on the notes. After liquidation, the Bank assigned its rights, title, and interest in the notes to the SBA. The SBA then filed this suit against the Kelleys and sought a deficiency judgment under the standard form SBA guaranty. The Kelleys joined the Bank as a third-party defendant and claimed that the liquidation sale was conducted in a commercially unreasonable manner in violation of the Kansas Uniform Commercial Code (UCC).

The district court originally denied the dispositive motions of the SBA and the Bank, but later granted these motions in light of *United States v. Lattauzio*, 748 F.2d 559 (10th Cir.1984). The issues on appeal are whether the Kelleys are entitled to raise the UCC defense of a commercially unreasonable sale, and, if so, whether they could and did waive that defense.

The SBA agreement here is identical to the one we considered in *Lattauzio*. There, relying on *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), and 13 C.F.R. § 101.1(d)(2) & (4), we held that federal law determines whether guarantors similarly situated to the Kelleys are entitled to raise, and to waive, the commercial unreasonableness defense. 748 F.2d at 562. We then "assumed" that the governing federal rule would incorporate state law, and so proceeded to apply the UCC of New Mexico,

homa, sitting by designation.

the state involved. We further assumed that New Mexico UCC § 9–504 "inures to the benefit of guarantors," but predicted that the New Mexico Supreme Court would allow guarantors to waive the protections of that section. By signing the standard form SBA guaranty agreement, we held, the guarantors in *Lattauzio* "waived by contract the protections arguably afforded by [§ 9–504]." *Id.* We followed *Lattauzio*'s "assumption" concerning incorporation of state law, and its interpretation of New Mexico law, in *United States v. New Mexico Landscaping, Inc.*, 785 F.2d 843 (10th Cir.1986).[1]

In this case, no party has disputed the district court's determination that the Kansas UCC should serve as the applicable substantive federal law. The SBA and the Bank argue that, in the absence of Kansas case law on point, our decisions in *Lattauzio* and *New Mexico Landscaping* control. We disagree. While the applicable UCC provisions in Kansas are identical to those in New Mexico, there is significant evidence that Kansas courts would hold the opposite of our *Lattauzio* and *New Mexico Landscaping* rulings.

■ We first consider the question of the availability to guarantors such as the Kelleys of Kansas UCC § 9–504(3), which establishes the commercial unreasonableness defense. The section refers only to the "debtor," but the district court in the instant case determined that Kansas law would treat a guarantor as a debtor entitled to the defense. I R. at 112–14 (*United States v. Kelley*, 38 U.C.C.Rep.Serv. (Calla-

ghan) 371, 375 (D.Kan.1983)). That was also the holding of another Kansas district judge, in *United States v. Hunter*, 652 F.Supp. 774, 778 (D.Kan.1987) (SBA guaranty case), and the view of the commentary to the Kansas UCC. Kan.Stat.Ann. § 84–9–105(1)(d) 1983 Kansas comment ("The definition of 'debtor' in subsection (1)(d) is broad enough to include continuing guarantors and co-makers, which can have a major impact in an Article 9 foreclosure"). *See also* Note, *Commercially Unreasonable Foreclosure Sales in the Context of a Surety Relationship*—United States v. Lattauzio, 34 Kan.L.Rev. 175, 183–84 (1985) ("In line with Article 9's scheme of making distinctions along functional rather than formal lines, the context may require that a guarantor be considered a 'debtor' under Section 9–504(3).") (footnotes omitted).

This result is in accord with almost all decisions that have considered the issue. *See, e.g., First Nat'l Bank v. Cillessen*, 622 P.2d 598, 600–01 (Colo.Ct.App.1980); *McEntire v. Indiana Nat'l Bank*, 471 N.E.2d 1216, 1223 (Ind.Ct.App.1984); *United States v. Jensen*, 418 N.W.2d 65, 66 (Iowa 1988) (SBA case); *Dakota Bank & Trust Co. v. Grinde*, 422 N.W.2d 813, 817 (N.D.1988); *Rhoten v. United Va. Bank*, 221 Va. 222, 269 S.E.2d 781, 784 (1980); B. Clark, *The Law of Secured Transactions Under the Uniform Commercial Code* ¶ 4.03[3][b] at 4–42 (2d ed.1988).[2] We thus turn to the issue of waiver.

■ UCC § 9–501(3)(b) prohibits a "debtor" from waiving the commercial unreason-

---

**1.** In *Western Bank v. Aqua Leisure, Ltd.*, 105 N.M. 756, 737 P.2d 537, 540 (1987), the New Mexico Supreme Court held that unconditional guarantors have no right to a commercially reasonable disposition of collateral. It is unclear whether the holding was based on unavailability of the defense to a guarantor generally, or on waiver by an unconditional guarantor. The court did not cite *Lattauzio, New Mexico Landscaping*, or any UCC provisions.

**2.** Connecticut, Georgia, and New Jersey sometimes are cited as states that do not follow the majority rule. Recent decisions, however, indicate that these states are firmly in the majority camp. *See Connecticut Bank & Trust Co. v. Incendy*, 207 Conn. 15, 540 A.2d 32 (1988) (in a

suit against guarantors for deficiency judgment, holding that UCC notice was insufficient and sale was not commercially reasonable); *Reeves v. Habersham Bank*, 254 Ga. 615, 331 S.E.2d 589 (1985) (guarantors are debtors under UCC § 9–504(3)); *Branan v. Equico Lessors, Inc.*, 255 Ga. 718, 342 S.E.2d 671 (1986) (guarantors cannot waive UCC § 9–504); *Ingersoll–Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir.1987) (allowing guarantor to raise defense of commercially unreasonable sale under New Jersey law); *Tri–Continental Leasing Corp. v. Cicerchia*, 664 F.Supp. 635 (D.Mass.1987) (predicting New Jersey would allow guarantor to raise UCC § 9–504(3) defenses and would prohibit waivers of these defenses).

ableness defense. There seems little doubt that Kansas courts would hold that this nonwaiver provision also inures to the benefit of a guarantor. *See Hunter*, 652 F.Supp. at 778–79, 782; Note, *supra*, 34 Kan.L.Rev. at 188–89. Barkley Clark, the former Kansas University law professor who wrote the Kansas commentary and who is one of the nation's leading authorities on the UCC, has taken the position that "[a]ny other rule would encourage creditor misbehavior in the holding of a foreclosure sale, since the creditor would be safe in the knowledge that the guarantor would pick up the tab for any deficiency." B. Clark, *supra* ¶ 4.03[3][b] at 4–43. Clark's view is likely to be very influential with the Kansas courts. *See Hunter*, 652 F.Supp. at 779.

This position, too, is consistent with the holdings of "the overwhelming majority of courts ... that a guarantor is a debtor within the meaning of Section 9–501(3)...." *In re Kirkland*, 91 B.R. 551, 553 (Bankr. 9th Cir.1988) (quoting *Connolly v. Bank of Sonoma County*, 184 Cal. App.3d 1119, 1124, 229 Cal.Rptr. 396 (1986)) (California law). *See, e.g., United States v. Conrad Publishing Co.*, 589 F.2d 949, 952–53 (8th Cir.1978) (SBA guaranty under North Dakota law); *United States v. Friesz*, 690 F.Supp. 843, 844 (E.D.Mo.1988) (SBA guaranty under Missouri law); *Tri-Continental Leasing Corp. v. Cicerchia*, 664 F.Supp. 635, 638 (D.Mass.1987) (New Jersey law); *Shapex Corp. v. United States*, 629 F.Supp. 751, 752 (M.D.Ala.1985) (SBA guaranty under Alabama law); *United States v. Lang*, 621 F.Supp. 1182, 1184 (D.Vt.1985) (SBA guaranty under Vermont law); *United States ex rel. Small Business Admin. v. Chatlin's Dep't Store, Inc.*, 506 F.Supp. 108, 112 (E.D.Pa.1980) (SBA guaranty under Pennsylvania law); *Prescott v. Thompson Tractor Co.*, 495 So.2d 513, 517 (Ala.1986); *Branan v. Equico Lessors, Inc.*, 255 Ga. 718, 342 S.E.2d 671, 674

(1986); *Liberty Bank v. Honolulu Providoring*, 65 Haw. 273, 650 P.2d 576, 579–80 (1982); *Jensen*, 418 N.W.2d at 65, 67 (SBA guaranty under Iowa law); *Shawmut Worcester County Bank v. Miller*, 398 Mass. 273, 496 N.E.2d 625, 629 (1986); *Chemlease Worldwide, Inc. v. Broce, Inc.*, 338 N.W.2d 428, 433 (Minn.1983) (New York law); *Borg–Warner Acceptance Corp. v. Watton*, 215 Neb. 318, 338 N.W.2d 612, 616 (1983); *Grinde*, 422 N.W.2d at 818.

We note also that while there are federal court decisions other than *Lattauzio* and *New Mexico Landscaping* holding that the standard SBA guaranty form waives the commercial unreasonableness defense under applicable state UCC provisions, many of these interpretations of state law have been rejected by the courts of the involved state. *Compare, e.g., United States v. Meadors*, 753 F.2d 590, 594 (7th Cir.1985) (SBA guaranty waives § 9–504(3) defenses under Indiana law) *with McEntire v. Indiana Nat'l Bank*, 471 N.E.2d 1216, 1224–25 (Ind.Ct.App.1984) (guarantors cannot waive § 9–504(3) defenses; distinguishes Indiana Article 3 cases cited in *Meadors*); *United States v. Kukowski*, 735 F.2d 1057, 1059 (8th Cir.1984) (SBA guaranty waives § 9–504(3) defenses under North Dakota law) *with Dakota Bank & Trust Co. v. Grinde*, 422 N.W.2d 813, 816–18 (N.D.1988) (guarantors cannot waive § 9–504(3) defenses); *United States v. Jones*, 707 F.2d 1334 (11th Cir.1983) (per curiam) (SBA guaranty waives § 9–504(3) defenses under Georgia law) *with Branan v. Equicor Lessors, Inc.*, 255 Ga. 718, 342 S.E.2d 671, 674 (1986) (guarantor cannot waive § 9–504(3) defenses).

■ There are sufficient numbers of circuit level decisions holding that the SBA guaranty waives the commercial reasonableness defense,[3] despite near unanimity

---

**3.** In addition to those cases cited above, *see United States v. H & S Realty Co.*, 647 F.Supp. 1415 (D.Me.1986), *aff'd*, 837 F.2d 1 (1st Cir. 1987) (Maine law); *United States ex rel. Small Business Admin. v. Kurtz*, 525 F.Supp. 734, 745–46 (E.D.Pa.1981), *aff'd mem.*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74

L.Ed.2d 387 (1982) (California law); *First National Bank v. Johnson*, 553 F.2d 599, 602 (9th Cir.1977) (Montana law). *Contra United States v. Willis*, 593 F.2d 247 (6th Cir.1979) (Ohio law); *United States v. Conrad Publishing Co.*, 589 F.2d 949 (8th Cir.1978) (North Dakota law); *United*

to the contrary in state cases not involving the SBA, that one leading commentator has suggested the result can only be explained by the presence of the SBA as plaintiff. *See* Clark, *UCC Survey: Secured Transactions,* 42 Bus.Law. 1333, 1343 n. 38 (1987). Applying *Kimbell Foods,* the federal courts unanimously determine that federal law applies to SBA contract cases. They then easily conclude that the relevant state's UCC should serve as the applicable law, apparently in part because the uniformity of the state codes largely eliminates concerns about subjecting the SBA program to inconsistent state laws. What these courts appear not to consider is the possibility that different states will interpret identical UCC provisions differently, and thus reintroduce the problem of non-uniformity. In fact what has happened is that the majority of federal courts, purportedly interpreting state law, have adopted an interpretation of UCC § 9–501(3) that is directly contrary to that of virtually all state courts.

This alignment of cases suggests the possibility that a majority of the federal courts are not adopting any particular state's law in these cases, however they characterize their decision, but are instead merely adopting the text of the UCC and attempting to create a uniform federal interpretation of its provisions. The propriety of such an approach must be determined by reference to *Kimbell Foods.* There the Supreme Court stated that in determining whether to incorporate state law as the federal rule of decision, we must consider (1) the need for a uniform federal rule, (2) whether "application of state law would frustrate specific objectives" of the federal program, and (3) whether formulation of a federal rule would "disrupt commercial relationships predicated on state law." 440 U.S. at 728–29, 99 S.Ct. at 1458–59.

The best argument for a uniform federal rule regarding waiver by guarantors of the commercial unreasonableness defense is that the same government SBA contract, utilized in all of the states, should not have different meanings depending upon how

*States v. Terrey,* 554 F.2d 685 (5th Cir.1977)

different state courts would interpret uniform UCC sections. Although the majority of states do not allow waiver by guarantors, some states have not considered the question, and some, like New Mexico, do not follow the majority.

The best argument for a uniform rule permitting waiver appears to be that such a rule avoids conflicts between the debtor and the guarantors as to what is a commercially reasonable disposition. Theoretically, at least, the debtor has an interest in urging the defense under UCC § 9–501(3), and if guarantors may enter into the action it simply complicates the matter. Of course, the debtor may be so insolvent that it cares not what the lender does to the collateral, in which case the guarantor would seem to be the real party in interest. But the guarantors of nearly all SBA loans will be individuals who are the principal stockholders of the debtor corporation. It would be no great stretch to require them to assert their interest in the disposition of the collateral through the debtor rather than in their capacity as guarantors.

Nevertheless, *Kimbell Foods* itself, which also involved a defaulting debtor under an SBA program, seems to have resolved this matter for us when it declared,

"[w]e are unpersuaded that, in the circumstances presented here, nationwide standards favoring claims of the United States are necessary to ease program administration or to safeguard the Federal Treasury from defaulting debtors.... Incorporating state law to determine the rights of the United States as against private creditors would in no way hinder administration of the SBA ... loan program[ ]."

*Id.* at 729, 99 S.Ct. at 1459.

We hold that the state's interpretation of its UCC provisions should control. Because we are convinced the Kansas Supreme Court would hold that guarantors are to be treated as debtors under Kan. Stat.Ann. §§ 84–9–504(3) and 84–9–501(3), and would not be permitted to waive the commercial unreasonableness defense, we

(Texas law).

REVERSE and REMAND for further proceedings consistent with this opinion.