Leo B. PELLIGREEN, Jr.,
Plaintiff-Appellant,

v.

CENTURY FURNITURE & APPLIANCE
CO. et al., Defendants,

Nathan and Ruth Taksel et al.,
Defendants-Respondents.

No. 36114.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 29, 1975.

Rehearing Denied June 12, 1975.

Greensfelder, Hemker, Wiese, Gale & Chappelow, John J. Bahnak, Jr., Jerry D. Perryman, St. Louis, for plaintiff-appellant.

Marvin Moldafsky, Michael A. Gross, Clayton, for defendants-respondents.

WEIER, Presiding Judge.

Plaintiff Leo B. Pelligreen, Jr. instituted an action in two counts against defendant Century Furniture & Appliance Co. (hereinafter Century) and the other designated defendants individually for rent due, damages, interest, and attorneys' fees. After a non-jury trial, the court entered judgment in favor of plaintiff for $10,-473.06 against defendant Century. However, the court rendered judgment in favor of the remaining defendants. It is from this decision that plaintiff has appealed. We affirm.

This case involves a commercial lease. In March, 1966 plaintiff, as lessor, entered into a lease agreement with defendant Century as lessee under the terms of which Century leased the ground floor of the premises at 6101–03 Easton Ave. (also known as 1511 Hodiamont Ave.) in the City of St. Louis. The lease term was a two-year period from April 15, 1966 to April 14, 1968, and the monthly rental was $600.00. Other specific terms included lessee's obligation to return the premises with all plate glass and windows intact and in a clean condition. The individual defendants in this case personally and individually guaranteed Century's performance of the lease and payment of attorneys' fees to enforce collection. The lease contained an option to lessee to extend its terms for an additional three years, provided lessee gave lessor written notice ninety days before termination of the lease of lessee's intent to exercise this option.

Defendant Century occupied the premises for two years under the terms of the lease,

and paid the $600.00 monthly rental. After the expiration of the lease term, April 14, 1968, Century continued in possession of the premises until December 31, 1969. From April, 1968 through February, 1969 defendant paid a monthly rental of $666.66 (the amount provided in the option to extend). But after March 1, 1969 defendant paid no rent. When defendant vacated the premises broken windows were discovered; debris was also found in the area and had to be cleaned up.

Plaintiff sought recovery of the rent due through December 31, 1969, for ten months at $666.66 per month, damages for the window breakage, expenses for cleanup, attorneys' fees, and interest. Plaintiff's position at trial was that defendant had exercised the option to extend, all the terms of the original lease remained in force and effect, and thus the individual defendants were liable as guarantors for the amount pleaded. The trial court found that defendant Century owed plaintiff the amount sought, that the option to extend had not been exercised, and that the individual defendants were no longer guarantors after expiration of the initial lease term.

Plaintiff raises two points on appeal. He initially contends that the trial court erred by admitting the testimony of defendant Nathan Taksel, officer of defendant Century, as to conversations between Taksel and Charles Degnan, plaintiff's agent, concerning the option to extend. According to this testimony, Degnan, who handled plaintiff's affairs with defendants, asked Taksel if Century would continue to occupy the leased premises on a month-to-month basis after the lease expired, since Taksel had informed him that Century would not exercise the option to extend. Since Degnan was deceased at the time of trial, plaintiff submits that Taksel was an incompetent witness regarding this conversation pursuant to § 491.010, RSMo 1969, V.A.M.S.[1] The trial court permitted this testimony over objection on the basis that other disinterested witnesses were present.

Section 491.010 removes the common law disqualification of witnesses by reason of interest, and disqualifies them only as to the specific matters enumerated by the statute. Galemore v. Haley, 471 S.W.2d 518, 521[3] (Mo.App.1971). The death of a contracting agent disqualifies the other person to the contract from testifying under this statute. State ex rel. State Highway Commission v. Jacobs, 281 S.W.2d 597, 598[1] (Mo.App.1955). Under the statute, Taksel would be an incompetent witness as to transactions with the deceased agent that concerned the option to extend. The trial court incorrectly overruled the objection to Taksel's testimony. The existence of living uninterested witnesses to the conversations with the deceased agent does not make the interested survivor competent. McCracken v. Schuster, 179 S.W. 757, 759[3] (Mo.App.1915). Assuming *arguendo* that this testimony was admitted erroneously, since this was a court-tried case, we review the law and the facts *de novo*. Rule 73.01(3)(a), V.A.M.R. In such review, we cannot consider evidence which was admitted improperly. Rackers and Baclesse, Inc. v. Kinstler, 497 S.W.2d 549, 552[1] (Mo.App.1973). But even though evidence is admitted improperly, when other competent evidence supports a judgment in a court-tried case such as this, or an equity case, harmless error results. Bashor v. Turpin, 506 S.W.2d 412, 421[8] (Mo.1974); Nordquist v. Nordquist, 321 Mo. 1244, 14 S.W.2d 583, 588[4] (1929). Further, in its amended judgment, the trial court recognized the applicability of § 491.010 and reached the same decision without consider-

---

1. § 491.010, RSMo 1969, V.A.M.S. reads in part: " * * * provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, * * *, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, * * *."

ing the challenged testimony.[2] For these reasons, we conclude that any error committed by the trial court in the admission of this testimony does not constitute a basis for granting a new trial.

Plaintiff next contends that the trial court should have ruled as a matter of law in his favor against the individual defendants because defendant Century exercised the option to extend, thereby continuing the remaining defendants' status as guarantors as provided in the lease agreement. As mentioned earlier, the option to extend was to be exercised if the lessee provided lessor with ninety days' written notice before expiration of the two-year lease term. It is not disputed by the parties that no written notice was provided. Plaintiff testified that neither he nor his agent received any written notice. Taksel testified that defendant Century sent no written notice to plaintiff. But plaintiff maintains that options can be exercised other than by written notice if the intent to do so is shown. He asserts that here defendant Century manifested such intent by holding over and by paying the increased rent as provided by the option.

■ In situations involving options to extend leases, the option is for the benefit of the lessee, and a written notice requirement is for the benefit of the lessor and may be waived by him. Blanchon v. Kellerstrass Distilling Corporation, 200 Mo.App. 610, 208 S.W. 484, 485 (1919); Gerhart Realty Co. v. Brecht, 109 Mo.App. 25, 84 S.W. 216, 217 (1904). The general rule is that a holding over by the lessee and waiver of notice by the lessor combine to exercise an option to extend a lease. The law then implies a continuation of the original tenancy upon the same terms, conditions, and covenants as provided by the original lease.

Lewis v. Perry, 149 Mo. 257, 50 S.W. 821, 824 (1899); State ex rel. State Highway Commission v. Demarco, 445 S.W.2d 379, 385[5] (Mo.App.1969); Blanchon v. Kellerstrass Distilling Corporation, *supra*, 208 S.W. at 485. But this principle is qualified if there is something else present, or if something in the conduct of the parties discloses a different intention. Blanchon v. Kellerstrass Distilling Corporation, *supra* at 486. Situations may and do arise wherein the facts are so uncertain as to make it a question of fact whether or not the lessee elected to exercise an option to extend. Gerhart Realty Co. v. Brecht, *supra*, 84 S.W. at 218.

■ We view such to be the situation in this case. The evidence disclosed that defendant Century held over, paid the increased rent provided by the option, and plaintiff accepted the rent payments. However, other facts were present so as to indicate the parties' intentions. Defendant Taksel was told that Century would have to pay the increased rent whether or not the option was exercised. Testimony was presented to the effect that plaintiff had offered these premises for sale during the period after expiration of the lease. "For sale" signs were on the leased premises during the holdover period. Plaintiff showed the building to prospective purchasers during the holdover period and told them that it was available. Perhaps even more convincing was a notice to terminate tenancy identified by plaintiff. This notice informed Century it would be required to surrender the premises one month after the next rent due date, obviously a notice used to terminate month-to-month tenancy in the form required by § 441.060, RSMo 1969, V.A.M.S. Although it was signed by the deceased agent and testimony of Nathan Taksel concerning it should have been ex-

---

**2.** The trial court's amended judgment ruled in part: "The Court finds that the Dead Man's Statute does not bar all of the testimony of Nathan Taksel. The Statute was intended to render incompetent as a witness only the testimony which might be subject to question by the other party, if living. The testimony of Nathan Taksel clearly established no intent to exercise the option to renew the lease."

cluded, plaintiff sufficiently identified it to make it admissible. As such it was explanatory of the plaintiff's intention to consider the holding over not to be an exercise of the option to extend the lease.

The trial court's determination that the parties intended to establish a month-to-month tenancy was based upon admissible fact and fair inference.

Since the option was not exercised, the individual defendants' status as guarantors ended upon expiration of the two-year lease term. The liability of a guarantor is to be construed strictly according to the terms agreed upon, and a guarantor is bound only by the precise words of his contract, and no stretching or extension of terms can be indulged in order to hold the guarantor liable. Zoglin v. Layland, 328 S.W.2d 718, 721[2–5] (Mo.App.1959). We find no error in the trial court's judgment.

The judgment is affirmed.

DOWD, Acting P. J., and RENDLEN, J., concur.