Dorothy L. BROYLES, Petitioner-Respondent,

v.

Kenneth Frank BROYLES, Respondent-Appellant.

No. KCD 28678.

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

Albert Copaken, Sylvia Copaken, Kansas City, for respondent-appellant.

M. Craig Cassing, Brown, Buckley & Cassing, Sedalia, for petitioner-respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

The husband appeals from that portion of a marriage dissolution decree which awarded maintenance and attorney's fees to the wife. We modify the decree and affirm.

The parties were married August 19, 1972. At that time the wife owned and operated a restaurant which netted her approximately $15,000 per year. Very shortly after the marriage, in October, 1972, the parties commenced a trucking business. Because of that new business and at the husband's request, the wife disposed of her restaurant in November, 1972.

In order to help finance the new trucking business, the wife mortgaged a farm owned by her for the sum of $10,000. Two trucks were purchased, both of which were titled in the husband's name. During the period that the trucking business was in operation, the husband worked on the two trucks to keep them in operating repair, but other than that he continued his employment as a truck driver for Ben Franklin Truck Lines from which employment he received, according to the wife's testimony, approximately $300 a week take-home pay. The wife worked out of the home in finding trucking jobs for the two trucks and directed the two drivers employed by the partnership.

The wife testified that the business operated profitably from November, 1972, until the spring of 1974. The husband by his testimony cast some doubt upon whether or not the operation was profitable. Regardless of whether or not the business was profitable, the cash flow of the partnership did not permit payment of the outstanding bank loan, and in order to avoid a foreclosure of the farm which had been given as security, the wife negotiated a sale of that farm for $16,000. The proceeds of that sale were used to pay off the bank loan, to satisfy back taxes owed by the wife and for debts and expenses. The wife also used up a small inheritance she received from her father. In any event, the partnership business came to an abrupt halt in April or May, 1974, when the husband sold both trucks. He also previously had sold an automobile which had been titled in the wife's name but which she held for her son. The proceeds of the sales of these vehicles were retained and used by the husband for his own purposes.

Subsequent to the separation of the parties, the wife took a job as a top stitcher for Town & Country Shoes in Sedalia, Missouri. She suffered injuries in an automobile accident about a month before the trial which disabled her from working at the time of trial, and she had a cumulated indebtedness of approximately $6,000 to $7,000. The husband had a period of illness, during which time he consumed his cash assets, and he filed a petition in bankruptcy. He now works at a job as a truck driver for City Products Corporation in Kansas City, Missouri, and also does some automotive repair work on the side.

■ The husband relies upon four points for reversal. With respect to the review of the issues so raised, *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) teaches that the judgment of the trial court should be affirmed unless the trial court misstated or misapplied the law, unless the judgment is not supported by substantial evidence, or unless the judgment is against the weight of the evidence; and in the last respect, the appellate court must act with caution and only if it can reach a firm belief that the judgment is wrong.

I.

■ The husband argues first that the trial court erred in failing to make any finding with respect to the wife's ability to support herself through appropriate employment. He argues that a finding in this respect is mandatory under Sec. 452.335–1.[1]

*Stark v. Stark*, 539 S.W.2d 779 (Mo.App. 1976) and *Marriage of Schulte*, 546 S.W.2d 41 (Mo.App.1977) bear heavily to the contrary. Those cases hold that with respect to the division of marital property, the various factors which Sec. 452.330 require to be taken into consideration need not be the subject of findings of fact or conclusions of law in the absence of specific request by counsel. Those cases further hold in the absence of such request all fact issues are considered found in accordance with the

1. All statutory references are to RSMo Supp. 1973.

result found by the court, under the provisions of Rule 73.01(2)(a). Although those cases involve a division of marital property, whereas the present case involved the allowance of maintenance, the same reasoning employed in the two cases cited fully applies here. Just as in *Stark* and *Schulte*, so also here neither party submitted any request for the making of findings of fact or conclusions of law.

## II.

■ For his second point the husband alleges that there was no substantial evidence to support the awards to the wife of $5,000 as maintenance in gross, $75 per month as periodic maintenance and $300 as attorney's fees. In support of that position the husband argues, first, that the wife had sufficient property and ability to support herself so as to defeat the propriety of any allowance. The evidence favorable to the wife shows that her needs totaled $500 per month, whereas her income as a top stitcher immediately before her accident produced only $134 bi-weekly. Even that income was cut off at the time of trial because of her accident. Obviously her ability to support herself at the time of the trial was totally inadequate to maintain her requirements. If and when she becomes physically rehabilitated and can earn more money, the occurrence of those eventualities will create changed conditions which would give rise to a right by the husband to have a reduction in the periodic maintenance.

■ With respect to the property owned by the wife, the record shows only her ownership of household furniture with a fair market value of approximately $1,200 and an automobile. That property is of course insufficient to cut off her claim for maintenance. The husband claims that she also has valuable additional real estate which should be taken into account. As will be discussed under part III of this opinion, no proper evidence is before this court with respect to the alleged real estate holding and therefore cannot be given consideration as mitigating against the maintenance allowance.

■ The husband further attacks the monetary awards to the wife on the basis that he does not have sufficient ability to pay them. The record shows that his present rate of take-home from salary has been reduced to approximately $150 to $175 per week. However, the record also shows that he also supplements those earnings by doing extra automotive repair work. Still further, whatever his total present earnings are, the trial court was not limited to consideration of simply those earnings which could well represent a purely temporary situation, and the court was entitled to consider the husband's earning power represented by his higher rates of pay earned in the past. *In re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976); *Naeger v. Naeger*, 542 S.W.2d 344 (Mo.App.1976).

■ Concerning the $5,000 award, that was a reasonable measure to offset the wife's present indebtedness which contrasts dramatically to her comfortable financial status just prior to the marriage. *D___ E___ W___ v. M___ W___*, 552 S.W.2d 280 (Mo.App.1977). However, that award must be considered in the light of the fact that the husband went through a period of illness during which he apparently consumed all of the liquid assets available to him and the further fact that he has recently undergone bankruptcy. The dissolution decree should properly take the economic situation of the husband and his ability to pay into account. *Brown v. Brown*, 537 S.W.2d 434 (Mo.App.1976); *McM. v. McM.*, 506 S.W.2d 14 (Mo.App.1974). In fairness to the husband, the decree in this case should be modified so that the $5,000 maintenance in gross can be paid in installments of $100 per month. *D___ E___ W___ v. M___ W___, supra*.

■ Finally, under this heading, the husband calls attention to the following comment made by the trial court: "I do caution you fellows to prepare these cases before you try them. There is a lot of discovery that could have been obtained here that was not. I know answers would have been clarified to some extent." The husband

interprets this to mean that the trial court felt the evidence to be insufficient for decision. That conclusion does not follow. Although the evidence could have been sharper and in more detail, it was sufficient to support the decree. Furthermore, whatever incompleteness there was in the evidence could have been remedied by the husband himself, and he cannot now be heard to complain of his own lack of diligence in preparation and proof.

### III.

As his third point, the husband asserts that the wife has a half interest in 240 acres of cultivated farm land reasonably worth $700 to $1,000 per acre. The facts upon which the husband relies to support that assertion appear solely by way of allegations contained in the husband's notice of appeal to this court and exhibits attached to that notice. Those documents and the related facts were not presented in any way to the trial court and are not conceded to be true by the wife. The record on this appeal cannot be supplemented by the extraneous matters to which the husband now attempts to refer, and they cannot be considered by this court. *Collins v. Vernon*, 512 S.W.2d 470 (Mo.App.1974); *Dyer v. General American Life Ins. Co.*, 541 S.W.2d 702 (Mo.App. 1976); *Davis v. Long*, 521 S.W.2d 7 (Mo. App.1975); *Spires v. Lawless*, 493 S.W.2d 65 (Mo.App.1973); *City of Joplin v. Village of Shoal Creek Drive*, 434 S.W.2d 25 (Mo.App. 1968).

### IV.

As his fourth point, the husband objects to the admission into evidence of two uncancelled checks which were offered as having some connection with the purchase of the trucks when the trucking partnership was begun between the parties. Even if the objection to this evidence was well taken, that avails the husband nothing. On a court tried case such as this, it is practically impossible to predicate reversible error on the erroneous admission of evidence. The party advancing the contention must demonstrate the absence of suffi-

cient competent evidence to support the trial court's decree. *Pelligreen v. Century Furniture & Appliance Co.*, 524 S.W.2d 168, 170[6] (Mo.App.1975). As already fully set forth in this opinion, there is sufficient competent evidence to support the result reached by the trial court. Any error in the admission of evidence in question is therefore harmless. *Bashor v. Turpin*, 506 S.W.2d 412, 421[8] (Mo.1974).

The decree is modified to provide that the $5,000 lump sum amount is to be paid to the wife in monthly installments of $100, which will be in addition to the $75 per month to be paid until further order of the trial court. In all other respects the judgment is affirmed. Costs will be taxed to the husband.

All concur.