690 F.Supp. 843 (1988)
UNITED STATES of America, Plaintiff,
v.
Kenneth G. FRIESZ, et al., Defendants.
No. N86-0195C.
United States District Court, E.D. Missouri, E.D.
August 5, 1988.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.
Austin Parham, Hannibal, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on cross motions for summary judgment. In this action the United States seeks to recover a deficiency judgment from defendants Kenneth Friesz and Norma Friesz, guarantors of a defaulted promissory note which was assigned to the Small Business Administration (SBA) by the financing institution, Merchants and Farmers Bank of Salisbury, Missouri (Bank). It is undisputed that the guaranty agreement which defendants signed contained a provision granting the Bank, in the event of a default, the right to sell the collateral pledged as security for the loan without first providing notice to *844 the guarantor of the note[1] and that defendants did not obtain notice of plaintiff's sale of the collateral.
In support of their motion for summary judgment defendants assert that the failure of the Bank to provide them with notice of the sale of the collateral bars the SBA as assignee from seeking a deficiency judgment against them on the note. The United States contends that it is entitled to recover a deficiency judgment from defendants on the note because defendants waived their right to notice of the sale of the collateral when they signed the guaranty agreement. In response defendants aver that pursuant to U.C.C. § 9-504(3); Mo. Ann.Stat. § 400.9-504(3) (1965) guarantors as well as debtors possess a non-waivable right to notice of the sale of collateral.
The initial question raised by these motions is whether state law (in particular the Uniform Commercial Code) or federal law determines the rights of the United States and the guarantors under a nationwide loan program such as that administered by the SBA. Although "federal law governs questions involving the rights of the United States arising under nationwide federal programs," federal courts may either adopt state law as the federal rule of decision or fashion a single, generally applicable standard. United States v. Kimbell Foods, Inc., 440 U.S. 715, 726-28, 99 S.Ct. 1448, 1457-58, 59 L.Ed.2d 711 (1979); United States v. Kukowski, 735 F.2d 1057, 1058 (8th Cir.1984); see also Clearfield Trust Co. v. United States, 318 U.S. 363, 366-67, 63 S.Ct. 573, 574-75, 87 L.Ed. 838 (1943). With respect to certain issues such as the right to notice of the sale of collateral, federal courts have chosen to adopt state law as the federal rule because "the state law on which private creditors base their daily transaction is derived from a uniform statute [the U.C.C.]," thus obviating any "concern that the federal interest in uniformity of the law will be hindered." Kukowski, 735 F.2d at 1058 (citing Kimbell, 440 U.S. at 728, 99 S.Ct. at 1458); see, e.g., United States v. Meadors, 753 F.2d 590, 594 (7th Cir.1985); United States v. Outriggers, Inc., 549 F.2d 337, 339 (5th Cir. 1977); First National Park Bank v. Johnson, 553 F.2d 599, 601-02 (9th Cir.1977).
The United States asserts that in this instance the Court cannot adopt Missouri law as the rule of decision because Missouri courts have not resolved the question presented by this case. The Court does not agree. Missouri courts have explicitly addressed the question of whether the nonwaivability of notice established under U.C.C. § 9-504(3) applies with equal force to debtors and guarantors. In Clune Equipment Leasing Corp. v. Spangler, 615 S.W.2d 106, 108 (Mo.Ct.App.1981), the Missouri Court of Appeals held that a guarantor under a security instrument which purported to give the creditor a right to sell the collateral without first providing notice was nevertheless entitled to notice of the sale under § 9-504(3), which entitles a "debtor" to such notice. Noting that U.C. C. § 9-105(1)(d), Mo. Ann. Stat. § 400.9-105(1)(d) (1965) defines a "debtor" as a "person who owes payment or other performance of the obligation secured, whether or not he owns rights in the collateral," the court concluded that this definition was broad enough to include guarantors. Id. Since the decision in Clune, Missouri courts have continued to hold that "guarantor" is synonymous with "debtor" for purposes of the notice requirement of U.C.C. § 9-504(3). See, e.g., Sedalia Mercantile Bank & Trust Co. v. Loges Farms, Inc., 740 S.W.2d 188, 196 (Mo.Ct.App.1987); Lendal Leasing, Ltd. v. Farmer's Wayside Stores, Inc., 720 S.W.2d 376, 379 (Mo.Ct. App.1986). In light of Clune and its progeny the Court concludes that despite the language of the guaranty agreement defendants, as guarantors, were entitled to notice of the sale of the collateral.
*845 "It is settled law in Missouri that a creditor's failure to give notice of the sale of collateral precludes a deficiency judgment." Chemical Sales Co. v. Diamond Chemical Co., 766 F.2d 364, 369 (8th Cir. 1985) (citing Clune, 615 S.W.2d at 108); Gateway Aviation, Inc. v. Cessna Aircraft Co., 577 S.W.2d 860, 863 (Mo.Ct.App.1978); Executive Financial Serv. v. Garrison, 535 F.Supp. 263, 266 (W.D. Mo. 1982); aff'd, 722 F.2d 417 (8th Cir.1983). Inasmuch as it is undisputed that plaintiff failed to provide defendants with notice of the sale, the Court concludes that plaintiff's action against defendants Kenneth and Norma Friesz is barred and that defendants have demonstrated that they are "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

ORDER AND JUDGMENT
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment in this action be and it is entered in favor of defendants, Kenneth G. Friesz and Norma L. Friesz, and against plaintiff, United States of America.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendants shall recover of the plaintiff their costs in this action.
NOTES
[1] The guaranty agreement provides as follows:

The undersigned hereby grants to the lender full power, in its uncontrolled discretion and without notice to the undersigned ... (e) in the event of nonpayment when due ... or in the event of default ... to realize on the collateral ... at any public or private sale ... such powers to be exercised only to the extent permitted by law.
Small Business Administration Guaranty, Plaintiff's Exhibit 2.