**UNITED MISSOURI BANK OF KANSAS CITY, N.A., Plaintiff,**

v.

**John W. GAGEL and D.L. Pratt & Company, Inc., Defendants.**

**Civ. A. No. 90–2446–DES.**

United States District Court, D. Kansas.

Feb. 2, 1993.

James F. Duncan, Emily Jane Bailey, Watson, Ess, Marshall & Enggas, Kansas City, MO and Steven B. Moore, Watson, Ess, Marshall & Enggas, Olathe, KS, for plaintiff.

Gordon E. Wells, Jr., Harry E. Wigner, Jr., John L. Vratil, Lathrop & Norquist; Michael G. Norris, Payne & Jones, Chtd.; and Jerome V. Bales, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of the plaintiff, United Missouri Bank of Kansas City, N.A. ("Bank"), for partial summary judgment against defendant John W. Gagel on Count I of the complaint.

Defendant Gagel is the principal officer and owner of Machinery and Supplies Company, Inc. ("MSC"). MSC defaulted on several notes held by plaintiff Bank, which in turn exercised its rights in MSC's collateral pursuant to security agreements executed by the Bank and MSC on August 6, 1986, and December 27, 1988. After applying the proceeds to the unpaid principal on the notes, plaintiff Bank contends that MSC's remaining principal indebtedness totals $2,299,-121.85.

In Count I of the amended complaint,[1] the Bank claims that defendant Gagel executed a

---

1. Following the pretrial conference, plaintiff Bank filed an amended complaint on October 2,

guaranty in favor of the Bank on June 6, 1983, guaranteeing payment of MSC's liabilities to the Bank to the extent of $500,000.[2] Defendant Gagel's answer defends the Bank's claim on the personal guaranty by contending that (1) the disposition of the collateral was not commercially reasonable, (2) the Bank cannot show it gave proper notice to Gagel of the sale of the collateral, (3) the guaranty was executed under economic duress and is therefore unenforceable, and (4) the Bank's breach of its agreement to release Gagel precludes its recovery on the guaranty.

### Jurisdiction and Venue

Plaintiff Bank is a national banking association located in the State of Missouri, and is therefore deemed a citizen of Missouri. *See* 28 U.S.C. § 1348. Defendant John Gagel is a citizen of Kansas. Defendant D.L. Pratt & Co., Inc., is a Kansas corporation with its principal place of business in Kansas. The court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

### Facts

For purposes of this motion, the court finds the following facts to have been established. At all relevant times, defendant Gagel was the president, chairman of the board, and majority shareholder of MSC. On June 6, 1983, Gagel executed and delivered to plaintiff Bank a continuing guaranty for MSC's obligations, in consideration for credit extended by the Bank to MSC "from time to time." By the terms of the guaranty, Gagel's aggregate personal liability for MSC's obligations was limited to the sum of $500,000.

MSC subsequently executed 19 promissory notes in favor of plaintiff Bank on which it failed to pay the principal and interest due.[3]

Plaintiff Bank took possession of MSC's collateral in July, 1990 and sold it in a series of private sales. In early April 1991, a public auction was conducted to dispose of the remaining collateral. The proceeds of these sales were applied to the outstanding balance due on MSC's notes.[4] Bank contends that the remaining principal indebtedness on MSC's notes is $2,299,121.85.

It is not clear whether the amount of the unpaid principal balance remains in dispute following the close of discovery. Even so, however, it would be unnecessary for the purpose of deciding this motion to determine the exact amount of MSC's unsatisfied liability. *See* Fed.R.Civ.P. 56(c) (summary judgment may be rendered on issue of liability alone notwithstanding genuine issue as to amount of damages). Plaintiff Bank's motion for partial summary judgment essentially seeks a determination by the court that Gagel is bound by his personal guaranty to the extent of MSC's unsatisfied liability to the Bank, not to exceed $500,000. For the purpose of deciding this motion for summary judgment, the court finds that MSC's unpaid obligations to the Bank exceed $500,000, including accrued interest at the contract rate.

### Summary Judgment Standards

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of fact requires the existence of evidence such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genu-

1992. Defendant Gagel filed his answer to the amended complaint on October 13, 1992. References in the memorandum opinion are to these pleadings.

**2.** MSC is not a party to this litigation.

**3.** Plaintiff Bank contends in its complaint that MSC has defaulted on 19 separate notes. In his answer, defendant Gagel admits that MSC is in

default on four of these notes, on which the principal obligations add to $550,000. These four notes matured in 1990.

**4.** Plaintiff also set off against the unpaid balance a total of $99,086.27 in MSC's bank account. *See* Defendant Gagel's Suggestions in Opposition to Plaintiff's Motion for Partial Summary Judgment on Count I, Exhibit 4.

ine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This burden can be met by identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553.

The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must consider the record in the light most favorable to the party opposing the motion for summary judgment. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985); *Ewing v. Amoco Oil, Co.,* 823 F.2d 1432, 1437 (10th Cir.1987).

In this case, the plaintiff is the party moving for summary judgment. To meet its initial burden of showing the absence of a genuine issue of material fact, plaintiff as the moving party must make a prima facie showing on each of the elements essential to its case. *See United States v. Frey,* 708 F.Supp. 310, 312–13 (D.Kan.1988). Further, the plaintiff must show the absence of a genuine issue of material fact as to those affirmative defenses which have been preserved for trial by defendant Gagel with regard to plaintiff's claim on the guaranty. *See id.* The party moving for summary judgment must establish its entitlement beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985), *cited in Carland v. Metropolitan Life Ins. Co.,* 727 F.Supp. 592, 595 (D.Kan.1989), *aff'd,* 935 F.2d 1114 (10th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 670, 116 L.Ed.2d 761 (1991).

### *Choice of Law*

The personal guaranty executed by defendant Gagel states explicitly that Missouri law controls its construction. Plaintiff Bank has its principal place of business in Kansas City, Missouri, and by its terms the guaranty was for the benefit of the Bank. On the other hand, Gagel is a resident of Kansas, and the principal place of business of MSC, the debtor on the notes, was apparently in Kansas. When a transaction bears a reasonable relation to more than one state, under the Uniform Commercial Code, the parties may generally agree that the law of either state shall govern their rights and duties. K.S.A. 84–1–105(1); Mo.Rev.Stat. § 400.1–105(1). The court finds that the guaranty bears a reasonable relation to both Missouri and Kansas. The parties do not dispute that the legal effect of the guaranty is to be governed by Missouri law.

### *Analysis*

Missouri recognizes that a contract of guaranty is a separate, independent agreement from the contract to which it is collateral, and imposes different responsibilities. *See Commerce Bank of St. Louis, N.A. v. Wright,* 645 S.W.2d 17, 20 (Mo.App.1982); *Four–Three–O–Six Duncan Corp. v. Security Trust Co.,* 372 S.W.2d 16, 23 (Mo.1963). The guaranty contract imports the existence of two different obligations, one by the principal debtor and the other by the guarantor. *Id.* Nevertheless, by definition the obligation of a guarantor may not be enforced unless proof is made of liability and default on the part of the principal debtor. *See* Black's Law Dictionary 705 (6th ed. 1990) ("agreement by which the guarantor agrees to satisfy the debt of another (the debtor), only if and when the debtor fails to repay (secondarily liable)."). The liability of a guarantor is to be strictly construed according to the terms agreed upon. *Lemay Bank & Trust Co. v. Lawrence,* 710 S.W.2d 318, 322 (Mo.App.1986) (quoting *Pelligreen v. Century Furniture & Appliance Co.,* 524 S.W.2d 168, 172 (Mo.App.1975)).[5]

Although MSC is not a party to this litigation, plaintiff Bank essentially seeks to recover from Gagel the amount that it

---

5. Contrary to plaintiff's arguments, the guaranty agreement in this case did not impose primary liability on defendant Gagel as guarantor, unlike the explicit provision in the agreement at issue in *Lemay Bank & Trust Co.,* 710 S.W.2d at 322–23.

Therefore, plaintiff's assertion that Gagel accepted primary liability for MSC's debts by executing the guaranty is simply without merit. *See Manzo v. Metro North Central Bank,* 759 S.W.2d 77, 81 (Mo.App.1988).

would otherwise have recovered from MSC as a deficiency judgment after repossessing MSC's collateral.[6] Under Missouri law, in order to recover a deficiency judgment from the debtor, the creditor must comply with Mo.Rev.Stat. § 400.9–504(3), which requires the creditor to dispose of the collateral in a commercially reasonable manner. Whether resale of collateral was conducted in a commercially reasonable manner is an issue of fact. *Lendal Leasing, Ltd. v. Farmer's Wayside Stores*, 720 S.W.2d 376, 380 (Mo. App.1986) (citing *C.I.T. Corp. v. Duncan Grading & Const., Inc.*, 739 F.2d 359, 360 (8th Cir.1984)). In addition, Missouri law requires the creditor to send written notification to the debtor of the time and place of any public sale, or written notification of the time after which any private sale or other intended disposition is to be made. *See Executive Financial Services, Inc. v. Garrison*, 535 F.Supp. 263, 264–66 (W.D.Mo.1982), *aff'd*, 722 F.2d 417, 418–19 (8th Cir.1983); *see also United States v. Friesz*, 690 F.Supp. 843, 845 (E.D.Mo.1988); *Lankheit v. Estate of Scherer*, 811 S.W.2d 853, 858 (Mo.App.1991) (quoting *Modern Auto Co. v. Bell*, 678 S.W.2d 443, 444 (Mo.App.1984)); *Lendal Leasing, Ltd. v. Farmer's Wayside Stores*, 720 S.W.2d at 379.

▉▉▉ Furthermore, Missouri places the burden on the party seeking a deficiency judgment to prove strict compliance with the statutory requirements, including the burden of proving the sufficiency of the notice. *See Lankheit v. Estate of Scherer*, 811 S.W.2d at 858 (citing *Cherry Manor, Inc. v. American Health Care, Inc.*, 797 S.W.2d 817, 821 (Mo. App.1990)); *Lendal Leasing, Ltd.*, 720 S.W.2d at 379; *First Missouri Bank & Trust Co. v. Newman*, 680 S.W.2d 767, 769, 771 (Mo.App.1984); *Gateway Aviation, Inc. v. Cessna Aircraft Co.*, 577 S.W.2d 860, 863 (Mo.App.1978). In addition, the burden of showing the sale of collateral was commercially reasonable is on the creditor, although debtor's lack of proof to the contrary is to be considered in weighing the evidence. *Nat'l Credit Union Admin. Bd. v. Allen*, 709 F.Supp. 167, 173 (W.D.Mo.1989) (citing *C.I.T. Corp. v. Duncan Grading*, 739 F.2d 359, 361 (8th Cir.1984)). The creditor has the burden of establishing the commercial reasonableness of the sale whether or not the debtor has affirmatively pleaded it as a defense. *First Missouri Bank & Trust Co. v. Newman*, 680 S.W.2d at 770–71.

▉▉▉ The Missouri courts have held that a guarantor is entitled to notice to the same extent as the debtor on the collateral obligation. *See, e.g., Lankheit*, 811 S.W.2d at 858; *Clune Equipment Leasing Corp. v. Spangler*, 615 S.W.2d 106, 108 (Mo.App. 1981); *see also United States v. Friesz*, 690 F.Supp. 843, 844 (E.D.Mo.1988) (citing Mis-

---

**6.** The court finds unpersuasive plaintiff's argument that it does not seek a deficiency judgment from Gagel. Although plaintiff Bank may have had the option to proceed against Gagel on the guaranty independent of its rights in MSC's collateral, it elected to first repossess the collateral and offset the proceeds against the unpaid balance due on the notes, before bringing this action on the guaranty. Having done so, plaintiff Bank is subject to the requirements imposed by Missouri law concerning the manner in which the plaintiff disposed of the collateral.

The essential legal issue presented in this motion is whether or not the guarantor may avoid liability on the guaranty on the basis of the secured creditor's failure to establish its compliance, in exercising its rights in the collateral, with statutory provisions enacted for the protection of the debtor. This question has been squarely answered by the Missouri courts, which have held that a guarantor qualifies as the debtor, at least for purposes of the statutory notice requirement. *See, e.g., Lankheit v. Estate of Scherer*, 811 S.W.2d 853, 858 (Mo.App.1991).

For the following reasons, in this court's view, the position of the Missouri courts properly balances the interests of creditors and debtors.

Assuming Bank were to succeed in its claim against Gagel as guarantor, Gagel would be subrogated to Bank's rights against MSC on the notes and on the security agreements to the extent of Bank's recovery on the guaranty. *See, e.g., Allen v. See*, 196 F.2d 608, 610–11 (10th Cir.1952); *Scott v. Norton Hardware Co.*, 54 F.2d 1047 (4th Cir.1932); *Behlen Mfg. Co. v. First Nat'l Bank*, 28 Colo.App. 300, 472 P.2d 703 (1970). If the debtor may avoid a deficiency judgment on the basis of Bank's failure to comply with statutory requirements regarding disposition of the collateral, the guarantor would likewise be precluded as subrogee from recovering over from the debtor. Once the creditor elects to proceed against the debtor's collateral, the protections Missouri law affords the debtor as to disposition of the collateral quite properly extend also to the guarantor, who may become subrogated to the creditor's rights (and statutory obligations) as to the collateral.

souri cases). The guarantor is entitled to such notice notwithstanding a provision in the security agreement purporting to authorize the creditor to sell the collateral without first providing notice. *Id.* (citing *Clune Equipment,* 615 S.W.2d at 108). Although the Missouri courts have not explicitly held that the failure to establish commercial reasonableness bars a claim against a guarantor, the reasoning of the cases holding that strict compliance with the notice requirements is a prerequisite to recovery against the guarantor applies with equal force to the statutory obligation to dispose of the collateral in a commercially reasonable manner.

▮ The amended complaint in this case alleges that the Bank gave proper notice of the sale of the collateral to Gagel as guarantor of MSC's debt, and that the disposition of the collateral was commercially reasonable. Gagel has preserved the issue in his answer by generally denying these allegations. In his response to plaintiff's summary judgment motion, defendant Gagel contends that Bank must be held to strict compliance with the requirements of notice and commercial reasonableness in disposing of MSC's collateral.

In reply, plaintiff has submitted numerous copies of correspondence between representatives of the Bank and MSC's counsel concerning the disposition of collateral. The documents tend to show that defendant Gagel received actual notice of at least some of the private sales of MSC's collateral. However, they do not establish as a matter of law that plaintiff Bank strictly complied with Mo. Rev.Stat. § 400.9-504(3) by *sending* written notice to defendant Gagel of each sale, or that the Bank disposed of all the collateral in a commercially reasonable manner.

In the view of this court, whether the creditor sent sufficient notice is a mixed question of fact and law. *Cf. Lendal Leasing, Ltd. v. Farmer's Wayside Stores,* 720 S.W.2d 376, 379-80 (Mo.App.1986) (reversing deficiency judgment granted in favor of creditor against guarantor following jury verdict, reasoning that the only written notice by the creditor was not addressed to the guarantor and hence was not *sent* to her). Any doubt

as to whether the creditor has complied with the statutory notice requirement is to be resolved in favor of the debtor, or, as in this case, the guarantor. *See Cherry Manor v. American Health Care,* 797 S.W.2d at 821. In addition, Missouri courts have held that whether disposition of collateral was conducted in a commercially reasonable manner is an issue of fact. *Lendal Leasing, Ltd. v. Farmer's Wayside Stores,* 720 S.W.2d at 380.

▮ Plaintiff argues that the liquidation of the collateral was conducted with the cooperation of Gagel, and that his attorney was fully apprised as to the details of the collateral disposition. Under Missouri law, however, voluntary surrender of the collateral to the secured party does not constitute a waiver of the right to notice of sale of the collateral. *See Lankheit v. Estate of Scherer,* 811 S.W.2d at 858 (citing *Cherry Manor v. American Health Care,* 797 S.W.2d at 821). Furthermore, a debtor cannot waive his statutory right to notice under Mo.Rev.Stat. 400.9-504(3), notwithstanding a specific provision to the contrary in the security agreement. Because a guarantor qualifies as a debtor under Missouri law for purposes of this statute, it follows that a guarantor likewise cannot waive these statutory rights. *See United States v. Friesz,* 690 F.Supp. 843, 844 (E.D.Mo.1988); *see also* Mo.Rev.Stat. § 400.9-105(1)(d) (defining "debtor").

The court concludes that genuine issues of material fact exist as to plaintiff's compliance with the requirements of Mo.Rev.Stat. § 400.9-504(3). Because plaintiff has not established its entitlement to judgment as a matter of law on Count I on the present showing, the motion for summary judgment must be denied. The court finds it unnecessary to address the other arguments raised by defendant Gagel in his objection to plaintiff's motion seeking summary judgment.[7]

IT IS BY THE COURT THEREFORE ORDERED that the Motion for Partial Summary Judgment (Doc. 20) is hereby denied.

---

7. Gagel also argues in objecting to the motion for summary judgment that genuine issues of fact

exist with regard to his affirmative defenses of release and economic duress.