Paul H. BEHLMANN, Kenneth A. Behlmann, and F. Lee Behlmann, d/b/a/ Behlmann Investments, Plaintiffs/Appellants,

v.

L. Marilyn WEAKS, D.M.D., Defendant/Respondent.

No. ED 84392.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 16, 2004.

Robert S. Flavin, Robert S. Flavin, P.C., Florissant, MO, for appellants.

Patrick R. Gunn, Sharon R. Wice, Gunn and Gunn, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiffs, owners of a commercial property, filed an amended petition to recover rent and damages, claiming that defendant was a lessee who had abandoned the premises and stopped paying rent before the end of a five-year renewal term. Defendant filed a motion for summary judgment, contending that she had never exercised the option to renew the lease and therefore was not obligated by the terms of the expired lease. Plaintiffs appeal from the trial court's entry of summary judgment in defendant's favor. We reverse and remand.

On June 17, 1993, plaintiffs, Paul H. Behlmann, Kenneth A. Behlmann, and F. Lee Behlmann, d/b/a Behlmann Investments, entered into a five-year "Commercial Lease" of office space with defendant, L. Marilyn Weaks, D.M.D. Although the written lease had other dates, the parties orally agreed that the lease would begin on October 15, 1993 and end on October 14, 1998. The printed and typewritten paragraph of the lease specifying the term and rental contained the handwritten addition:

"Lessor grants Lessee Two (2) Five (5) year option periods. Option period rental rates to be adjusted by the Consumer Price Index." The lease further provided:

12. Lessee must notify Lessor Ninety (90) days prior to renewal of Lease or said Lease will automatically be renewed. Lessor must provide written notification of lease expiration 30 days prior to date of automatic renewal.

The first sentence was typewritten; the second sentence was handwritten.

On June 15, 1998, plaintiffs' agent, Linda L. Behlmann, sent a letter to defendant, notifying her of the lease's expiration on October 14, 1998. She continued: "If we do not hear from you prior to July 15, 1998, we will assume you wish to exercise your Five (5) year renewal option period, and will send out the appropriate information." On June 19, 1998, defendant mailed a written response advising, "It would be my intent to renew the lease; and, since the leasehold improvements have been paid for, an appropriate reduction in the monthly rent is anticipated." On August 14, 1998, plaintiffs' agent replied:

Per your instructions in letter dated June 19, 1998, the lease entered into between you and Behlmann Investments on the 17th day of June 1993 will extend for a period of Five (5) years.

The lease term is extended for a period of Five (5) years, through and including October 14, 2003. The lease provides for a change in rent during the new lease period, with the rent being calculated as provided under the terms of the lease. The rental for the new lease term if [sic] Thirty Two Thousand Nine Hundred Nine and 04/100 ($32,909.04) dollars per year, payable in monthly installments of Two Thousand Seven Hundred Forty Two and 42/100 ($2742.42) dollars. You should begin paying this new amount commencing with the rent payment which is due on the 1st day of November, 1998.

Defendant remained in possession of the premises and paid the increased rent to plaintiffs. On April 30, 2002, defendant vacated the property.

Plaintiffs subsequently filed a petition seeking to recover unpaid rent through the end of a five-year term ending October 14, 2003 (less amounts recouped by a subsequent rental) and the cost of repairs and taxes, as provided in the lease. Defendant filed a motion for summary judgment, claiming that, because the minds of the parties never met on the terms of the renewal, defendant did not exercise her option to renew and was a month-to-month tenant who was no longer bound by the terms of the expired lease.

For their sole point on appeal, plaintiffs assert that the trial court erred in granting defendant's motion for summary judgment because genuine issues of material fact remained on the questions of whether defendant renewed the lease, damaged the property, failed to pay expenses during her tenancy, and wrongfully removed a sign from the premises.

Rule 74.04(b) allows a defending party to file a motion for summary judgment. A summary judgment movant who is a "defending party" need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 381 (Mo. banc 1993). Rather, a "defending party" may establish that right by showing:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence

sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* Any one of these showings establishes a right to judgment as a matter of law. *Id.* We review the grant of summary judgment *de novo. Id.* at 376.

■ Defendant's summary judgment motion was based on her interpretation of the lease as giving her an "option to renew" and that the lease "expired by its terms" if she did not express a definite and unqualified intent to renew. This argument ignores the clause of the lease that provides that renewal was automatic unless defendant notified plaintiffs ninety days prior to the date of renewal. For purposes of this appeal, we do not need to decide if the automatic renewal clause controls or whether, because of this alleged ambiguity, the lease gave defendant an option to renew. Under either interpretation of the lease, defendant did not adduce facts in the summary judgment record that showed as a matter of law that the lease was *not* renewed.

■ Under an automatic renewal clause in a lease, the right not to renew is for the lessee's benefit. *Charter Oak Inv. Co. v. Felker,* 60 S.W.2d 655, 657 (Mo.App. 1933). A party who has sent a notice of termination may elect to abandon the notice to terminate and hold over and pay rent according to the terms of the lease. *Id.* This action gives rise to an automatic renewal. *Id.* at 658. The record contains defendant's letter, which stated an intention to renew, but expressed an anticipation of reduced rent. Even if this letter was sufficient to constitute notice of an intention not to renew under the automatic renewal clause, defendant abandoned her right not to renew by holding over for three and one-half years and paying the increased rent, instead of standing upon her letter. *Id.* at 657. Plaintiffs had the right to consider defendant's holding over as an automatic renewal of the lease, and under these circumstances, the law implies that the lease was extended according to its terms. *Id.* at 658. The summary judgment record does not contain facts that would prevent the application of *Felker* if the lease is construed as providing automatic renewal.

■ On the other hand, if a lease gives an option to renew, a tenant's notice of renewal must indicate a definite and unqualified determination to exercise the option. *Jones v. Landmark Leasing, Ltd.,* 957 S.W.2d 369, 374 (Mo.App.1997). Defendant's notice of renewal did not accept the lease in the form tendered, and the June 19 letter, by itself, did not create an acceptance of the renewal of the lease term. *Id.*

■ However, plaintiffs then responded with a letter indicating that the lease would extend for a period of five years with increased rent calculated under the terms of the lease. The summary judgment record indicates that defendant did not communicate a response to plaintiffs' August 15 letter. However, the record shows that, after the original lease term expired, defendant remained in possession of the premises for three and one-half years and paid the increased amount of rent, which plaintiffs accepted. If a lessee holds over without giving the required notice, the lessor may waive the notice requirement, and the combination of these events constitutes an exercise of the option to renew. *Grand Invest. v. Connaughton, Boyd & Kenter,* 119 S.W.3d 101, 107 (Mo. App. W.D.2003). The law implies that the

lease will continue in accordance with the original terms in the lease. *Id.*

■ "However, 'this principle is qualified if there is something else present, or if something in the conduct of the parties discloses a different intention.' " *Id.* (quoting *Pelligreen v. Century Furniture & Appliance Co.*, 524 S.W.2d 168, 171 (Mo. App. St. Louis 1975)). An example of "something else present" is "if at the time of the expiration of the original term specified in the lease there were any negotiations had or pending between the parties relative to a new lease or renting, the holding over might well be regarded as merely an agreed or oral tenancy while a new contract was being made." *Blanchon v. Kellerstrass Distilling Corporation*, 200 Mo.App. 610, 208 S.W. 484, 486 (1919).

Examples of conduct sufficient to disclose a different intention are found in *Pelligreen*. There, the tenant was required to pay increased rent, regardless of whether or not the option was exercised; the owner offered the property for sale after the lease had expired during the tenant's holdover period; and the owner gave the tenants notice to vacate the property. The summary judgment record in this case does not contain any facts showing conduct that discloses an intention not to renew at the time defendant held over and paid the increased rent.

In her summary judgment motion, defendant did not show facts that established as a matter of law that the lease had not been renewed according to its terms until October 14, 2003. Therefore, defendant did not establish a right to summary judgment on plaintiffs' claim for rent and other amounts due under the lease.

The judgment of the trial court is reversed, and the case is remanded.

PATRICIA L. COHEN, P.J. and ROBERT G. DOWD, JR., J. concur.